JESSUP et al. v. CHICAGO & N. W. RY. CO.

(Circuit Court, S. D. New York. April 24, 1911.)

1. CORPORATIONS (§ 133*)—COMPELLING TRANSFER OF STOCK—REMEDY.

The remedy of a stockholder having the right to compel a transfer of his stock is in equity, and a suit in equity in the United States Circuit Court to compel a transfer is sustainable as against the objection of complainant's adequacy of remedy at law, since the United States Circuit Court has no original jurisdiction to issue mandamus.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 513–520: Dec. Dig. § 133.*]

2. CORPORATIONS (§ 133*)—COMPELLING TRANSFER OF STOCK—PARTIES.

An executor suing a Wisconsin corporation to compel it to transfer stock standing in testator's name, and to pay the difference between the market value of the stock on the day transfer was demanded and its highest market value between that day and judgment, need not make the state of Wisconsin, or its proper officer, a party, though the stock is property within Wisconsin and under Sanborn's St. Supp. Wis. 1906, § 1087, subject to an inheritance tax which remains a lien on the property until paid.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 133.*]

3. COURTS (§ 328*)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

A bill in a federal court to compel a corporation to transfer corporate stock of the market value of $33,600 and to pay the difference between the market value of the stock on the day transfer was demanded and its highest market value between that day and judgment, which alleges that the corporation refused to make the transfer of the stock which was property within the state of Wisconsin, and subject to an inheritance tax under the laws of Wisconsin, of less than $2,000 until a waiver or consent to the transfer from the state was produced, was demurrable on the ground that the amount in controversy was not over $2,000; the corporation not claiming the stock nor any right to control it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of Circuit Courts as determined by the amount in controversy. see notes to Auer v. Lombard, 19 C. C. A. 75; Tennant-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

In Equity. Suit by one Jessup and others, executors of Horace B. Stillman, deceased, against the Chicago & Northwestern Railway

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Company for a mandatory injunction.    Demurrer to bill sustained, with leave to amend.

Daniel D. Sherman, for complainants.

Pierpont Davis, for defendant.

WARD, Circuit Judge.   The complainants, citizens of the state of New York, as executors of the last will and testament of Horace B. Stillman, deceased, who was a resident of the state of New York at the time of his death, bring this bill against the Chicago & Northwestern Railway Company for a mandatory injunction compelling it to transfer at its transfer office in the city of New York into their names as executors shares of its capital stock standing on the books of the company in the name of their decedent of the market value of $33,600, and also to pay to them the difference between the market value of the stock on the day transfer was demanded and its highest market value between that day and judgment.

The bill alleges that the defendant is incorporated under the laws of the states of Illinois, Wisconsin, and Michigan, and that it has refused to make the transfer until the executors shall produce and file with it a waiver or consent to the transfer from the state of Wisconsin.

The defendant demurs on the grounds that:

(1) This court has no jurisdiction of the cause of action in equity.

(2) That the bill is without equity.

(3) That the complainants have a full, adequate, and complete remedy at law.

(4) That the amount in controversy is not over the sum of $2,000 without interest and costs.

(5) That the state of Wisconsin or the proper officers thereof are necessary parties.

It is conceded, or I think must be conceded, that the stock in question is property within the state of Wisconsin subject to transfer tax. Matter of Palmer, 183 N. Y. 238, 76 N. E. 16.   Section 1087 of the Inheritance Tax Wisconsin Statutes Supplement, pp. 438 to 450, subd. 2, provides that the following property of a nonresident within the state shall be subject to the tax:

"(2) When a transfer is by will or intestate law, of property within the state or within its jurisdiction and the decedent was a nonresident of the state at the time of his death."

Section 11, subd. 1, provides:

"(1) If a foreign executor, administrator, or trustee shall assign or transfer any stock or obligations in this state standing in the name of a decedent or in trust for a decedent, liable to any such tax, the tax shall be paid to the treasurer of the proper county or the * * * State Treasurer on the transfer thereof."

The defendant rests its right to refuse a transfer on subdivision 2 of the same section:

"(2) No safe deposit company, bank, or other institution, person, or persons holding securities or assets of a nonresident decedent, shall deliver or trans-

fer the same to the executors, administrators, or legal representatives of said decedent, or upon their order or request unless notice of the time and place of such intended transfer be served upon the * * * Attorney General at least ten days prior to the said transfer; nor shall any such safe deposit company, bank or other institution, person or persons deliver or transfer any securities or assets of the estate of a nonresident decedent without retaining a sufficient portion or amount thereof to pay any tax which may thereafter be assessed on account of the transfer of such securities or assets under the provisions of this act unless the * * * Attorney General or public administrator consents thereto in writing; and it shall be lawful for the Attorney General or public administrator, * * * personally or by representative, to examine said securities or assets at the time of such delivery or transfer. Failure to serve such notice or to allow such examination or to retain a sufficient portion or amount to pay such tax as herein provided, shall render said safe deposit company, trust company, bank, or other institution, person or persons, liable to the payment of the tax due upon said securities or assets in pursuance of the provisions of this act."

[1] I think the first three grounds of demurrer bad. This court has no original jurisdiction to issue a writ of mandamus (Fuller v. Aylesworth, 75 Fed. 694, 699, 21 C. C. A. 505), and stockholders have a right to compel the transfer of stock in proceedings in equity (Cook on Corporations, §§ 389–391).

[2] The fifth ground of demurrer also seems to me bad. The bill asks no relief against the state of Wisconsin, and the state's lien upon the stock (if any) for any transfer tax due will not be affected by the issue of a new certificate. Section 1087 of the Wisconsin Statutes, subd. 5(1), provides:

"(5) Every such tax shall be and remain, a lien upon the property transferred until paid and the person to whom the property is transferred and the administrators, executors, and trustees of every estate so transferred, shall be personally liable for such tax until its payment."

[3] But the fourth ground of demurrer must be sustained. If the tax said to be due the state of Wisconsin can be regarded as the amount in controversy, it is not sufficient to give the court jurisdiction because it is less than the sum of $2,000.

Although the bill describes the defendant's refusal to transfer as a conversion of the stock valued at $33,600, it does not ask for relief on that ground. On the contrary, it asks for the transfer of the stock and incidentally for the difference between its market value on the day transfer was demanded and its highest market value between that day and judgment. The amount of this difference is not, and in the nature of things cannot be, stated.

The fact that the controversy is about a thing worth $33,600 does not necessarily show that this sum is the amount in controversy. The defendant does not claim the stock nor any right to control it, nor does it impugn the complainants' title in any way. The certificate is only evidence of the ownership of the stock, and, while the defendant's refusal to issue a new one to them may prevent the complainants from making a good stock exchange delivery in case they sell the stock, it does not affect their title as owners at all. It would be as impossible to fix the value of this right of transfer on the books of the corporation as it is to fix the value of the right to register a trade-mark.

South Carolina v. Seymour, 153 U. S. 353, 14 Sup. Ct. 871, 38 L. Ed. 742. At all events, no attempt to do so is made in the bill.

The demurrer is sustained, with leave to the complainants to amend on payment of costs within 20 days after service of notice of entry of order hereon. Otherwise the bill to be dismissed.