## CENTAUR MOTOR CO. v. ECCLESTON.

(District Court, W. D. New York. April 9, 1920.)

No. 1917.

1. **Removal of causes ⚷12—Cause not removable to district in which it could not have been brought.**
Generally an action cannot be removed to a federal court for a district in which it could not originally have been brought.

2. **Removal of causes ⚷112—Service may be quashed, if defendant not subject to personal service.**
In a case properly removed from a state to a federal court, defendant has a right to have the service of the summons quashed, if, at the time the service was effected, he was not subject to personal process within the state where the service was made.

3. **Removal of causes ⚷112—Federal courts may determine validity of service in state court.**
The federal courts may determine, after a removal of a cause from the state court, whether jurisdiction was originally acquired by the state court, and what constitutes a lawful objection to the jurisdiction of the state tribunal.

4. **Removal of causes ⚷111—Service may not be quashed, because made outside district to which case is removed.**
Since, if jurisdiction over the person of the defendant has once been acquired in the state court, such jurisdiction will remain in the state court if the cause is improperly removed, or will be transferred to the federal court if the removal was valid, where an action against a nonresident of the state was brought in the state court for the county in which plaintiff had its principal office, within the Western district of New York, and was removed to the federal court for that district, personal service on defendant within the state, but outside the Western district, will not be quashed, though, if the suit had been commenced in the federal court, valid service could not have been made outside the district.

At Law. Action by the Centaur Motor Company against Jesse B. Eccleston. On motion to set aside the service of the summons. Motion denied.

Ulysses S. Thomas, of Buffalo, N. Y., for plaintiff.
Mitchell & Staples, of Buffalo, N. Y., for defendant.

AUGUSTUS N. HAND, District Judge. This action was brought in the Supreme Court of the state of New York, held in and for the county of Erie, against a citizen and resident of the state of Michigan. The plaintiff is a corporation organized under the laws of the state of New York and having its principal place of business in Erie county. Service of the summons was effected upon the defendant in New York county, when he was temporarily there. The action was removed to this court by filing the usual petition and bond in Erie county. The defendant now appears specially and moves to set aside the service of the summons, on the ground that the action could not originally have been brought in this district, and that for that reason no valid service was made.

[1-3] It is in general true that an action cannot be removed to a district in which it could not originally have been brought. Ex parte

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wisner, 203 U. S. at page 451, 27 Sup. Ct. 150, 51 L. Ed. 264; Guaranty Trust Co. v. McCabe, 250 Fed. at page 702, 163 C. C. A. 31. Judge Chatfield, in the case of Wange v. Public Service Ry. Co. (D. C.) 159 Fed. 189, decided that this general rule applied, and was an insuperable objection to the validity of the service of the summons in New York county, when the action had been brought in Kings county and thereafter removed to the United States court for the Eastern district, and he set aside the service accordingly. I am referred to no other case which adopts his conclusion, and, after carefully considering the matter, am impelled to take a different view. The doctrine of Ex parte Wisner, supra, in my opinion relates only to cases of diverse citizenship, where an attempt is made to remove a cause to a district in which all the plaintiffs do not reside. The defendant has a right, under such circumstances, to remand. In a case properly removed the defendant also has the right to quash the service of the summons, if at the time the service was effected the defendant was not subject to personal process within the state where service was made. It is undoubtedly the law that the federal courts have a right to determine after removal whether jurisdiction was originally acquired by the state court, and to say what constituted a lawful subjection to the jurisdiction of the state tribunal. It was accordingly held, in the case of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, that, where a corporation was neither incorporated nor engaged in business within a state, service upon an officer of that corporation within the territory of the state would not be recognized in the federal courts, even if such service was valid under the state law. See, also, Courtney v. Pradt, 196 U. S. at page 92, 25 Sup. Ct. 208, 49 L. Ed. 398; Conley v. Mathieson, 190 U. S. at page 410, 23 Sup. Ct. 728, 47 L. Ed. 1113.

[4] If, however, jurisdiction over the person of the defendant has once been acquired in the state court, within the meaning of the federal decisions, such jurisdiction will remain in the state court if the cause has been improperly removed, or will be transferred to the federal court if the removal was valid. In the present case the Supreme Court of New York, under any proper legal theory, obtained unquestionable jurisdiction of the defendant by service of process within the state of New York. That service brought the defendant into a state court having general jurisdiction within the territory which includes this federal district, wherein the plaintiff resides.

Removal cannot be objected to for the reason that it has been made to the proper district; that is to say, to the district where the plaintiff resides. The service cannot be set aside, because it was made within the state under the process of a state court having general jurisdiction, and the defendant was personally subjected to the jurisdiction of that court in the orthodox manner. It is unreasonable to suppose that a state including several federal judicial districts may be theoretically subdivided into territorial sections corresponding to these districts for the purpose of limiting the well-recognized power of the state court to issue its process to any part of the state in cases which are removable to the federal court. It is, of course, true that the civil

process of the federal court will not run beyond the borders of the district; but that furnishes no reason that I can see for restraining valid service of process in the state court to the confines of the federal district in cases which are removed.

The motion to vacate the service is denied.

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes