ROSENBERG BROS. & CO., Inc., v. CURTIS BROWN CO.

(District Court, W. D. New York. May 16, 1921.)

No. 2023.

1. **Corporations ⬅668(7)—Service on president in state on personal business held not to give jurisdiction over corporation.**

    Service of summons on the president of an Oklahoma corporation, doing no business and having no agent or place of business in the state of New York, while temporarily in New York on personal business, though he incidentally attended to some business for the corporation, *held* not to give jurisdiction over the corporation.

2. **Removal of causes ⬅112—Federal court may decide question of jurisdiction of state court.**

    In a case rightly removed, the federal court may decide whether the state court had previously acquired jurisdiction of the person of defendant.

3. **Corporations ⬅665(1)—To give state court jurisdiction over foreign corporation it must be "doing business in state."**

    To give the courts of a state jurisdiction over a foreign corporation, it must be engaged in business within the state, and the mere presence therein of an agent or officer is not enough unless he is there with a fair measure of permanence and continuity.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

4. **Corporations ⬅642(6)—Occasionally sending officer into state to purchase goods held not "doing business in state."**

    That a foreign corporation, which has no office or agent in a state to conduct its business, occasionally sends an officer or agent into the state to purchase goods for delivery in its home state, does not constitute doing business in the foreign state for the purposes of jurisdiction.

At Law. Action by Rosenberg Bros. & Co., Inc., against the Curtis Brown Company. On motion by defendant to quash service of summons. Granted.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Werner & Harris, of Rochester, N. Y., for plaintiff.
Siegel & Corn, of New York City, for defendant.

HAZEL, District Judge. This action was originally brought in the Supreme Court of the state of New York, in Monroe county, against the Curtis Brown Company, and process was served upon its president in the city of New York, while he was temporarily there. The defendant is a citizen of the state of Oklahoma, and engaged in the business of selling men's clothing at retail in the city of Tulsa. It appeared specially in the state court and moved to quash the summons on the ground of invalidity of service. Thereupon evidence was taken under an order of the state court upon the question of whether the president, at the time he was served with process, was within the state of New York for personal pleasure as he asserted, or whether he was, at such time, engaged in the business of the defendant. Before the motion was heard, and immediately after the evidence was taken, the case was removed to this court.

[1] Admittedly the corporation owns no property in this state. It has no agent here upon whom process may be served, and does not maintain an office or place of business in this state. A summary of the evidence fairly shows that the defendant corporation buys goods here, either by correspondence or through the instrumentality of a representative; that, while the president was in the city of New York, he made a few personal purchases, selected some merchandise for future purchase by the defendant, negotiated for the purchase of a quantity of hats, and adjusted a controversy with the firm of Crofut & Knapp, of the city of New York. Such acts on his part were, in my judgment, merely incidental to his temporary stay, and they were not the object thereof. He was not charged by defendant with the performance of any of its business while casually sojourning in New York. Hence the service of process upon him was not equivalent to a personal service of the corporation, and in the circumstances, if a judgment followed the service, it would be invalid. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Riverside & Dan River Cotton Co. v. Menefee, 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. 910.

[2] In Centaur Motor Co. v. Eccleston (D. C.) 264 Fed. 852, Judge Augustus N. Hand held that, in a case rightly removed from a state court to a federal court, the question may be decided whether the state court had previously obtained jurisdiction of the person of the defendant, and the federal court could also pass upon questions raised in opposition to the jurisdiction of the state tribunal. It is important, therefore, to have in mind the rule applicable in the court where the action was originally brought. It is conceded by plaintiff's counsel that a foreign corporation, which is not in business within the state, is not brought within the jurisdiction of its courts by the mere presence of its agents, and that, if the president was here solely for pleasure, the service was illegal. But it is contended that, if he performed any business for the corporation, he was rightly served. I discover nothing in the record to warrant the holding that the defendant was actually doing business at such time. It was not engaged in busi-

ness as that term has many times been defined in the state and federal courts.

[3] There is no hard and fast rule for determining what constitutes a transaction of business within this state by a foreign corporation for the purpose of serving an officer who is casually therein with process. There is insufficient evidence to show that defendant intended to subject itself either to the laws of the state or to its jurisdiction by the casual stay of its president or the incidental purchases made for or on account of the defendant. Although, under section 432 of the Code of Civil Procedure, a different rule applies to agents of foreign corporations, as distinguished from their executive officers, it is nevertheless essential that a corporation be engaged in business within the state. The mere presence of its agent or officer is not enough. To subject itself to the jurisdiction of the state court, it must be here with "a fair measure of permanence and continuity." Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N. E. 915.

[4] I think a different rule applies where a defendant has no office or agent here to conduct its business, and simply occasionally sends an officer into the state to contract for the purchase and delivery of goods to its place of business in another state. Such contracts of sale do not constitute doing business in the state for the purposes of jurisdiction. It is also quite a different matter from sending workmen to another state to install machinery or construct a building and maintaining an agent or superintendent there upon whom process may be served (Beach v. Kerr Turbine Co. [D. C.] 243 Fed. 706), or as in St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77, where the contract was made in Texas, and the railroad company maintained an office in the city of New York; its agents conducting the business there in such a way that the inference was not unwarranted that the corporation had subjected itself to the jurisdiction. It makes no difference that in this case the president of the defendant was served with summons, instead of an agent, since, as pointed out, the corporation is not shown to have been substantially engaged in doing business here, or that on a former occasion he made the contract out of which this cause of action arose.

Motion to quash service of summons is granted.