**ELSAS v. MONTGOMERY ELEVATOR CO. et al.**

**No. 7567.**

District Court, W. D. Missouri, W. D.

Jan. 24, 1930.

Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., for appellants.

Cleary & Barnett and Denton Dunn, all of Kansas City, Mo., for appellee.

REEVES, District Judge.

This is a case where an employer, subject to the Workmen's Compensation Law of the State of Missouri, has sought a review by this court of certain fundamental and jurisdictional questions arising from the acts of the administrative tribunal created by said law.

It is asserted that there is a diversity of citizenship, that the controversy is a suit of a civil nature, and that therefore the defendant or employer is entitled to remove same from a state to the national court.

The case is an important one, because it necessarily deals with the fundamental rights of the parties, and, at the same time, raises acutely a question of comity and conflict of jurisdictions.

The system of laws, providing for Workmen's Compensation in the state of Missouri, was approved April 30, 1925, and may be found in the Session Acts of that year at page 375. Said act, as in the case of all such enactments, was a compromise between employers and employees. Theretofore the employer had been burdened with heavy judg-

ments, and the employee, in case of injury, had been confronted with manifold common-law defenses. To the end that there might be peace between them, the employer was willing to increase the number of cases of liability in favor of its employees, if in turn it might have a limitation on the amount of each claim.

The employee was willing to accept a sum certain, though not so much, rather than take his chances in litigation with its uncertainties and delays. The law was beneficial and advantageous to both sides, but either had a right to reject it. In the latter event, said law limited rights previously enjoyed in case of litigation.

The act in question prescribes the measure of compensation and the circumstances under which it is to be made. The law would be ineffective without instrumentalities of enforcement. It established, therefore, administrative machinery for applying the statutory measure to the facts of each particular case. It afforded to each, in case of disagreement, a hearing before an administrative tribunal. The determination of such tribunal in each case is subject to judicial review only upon certain specified fundamental and jurisdictional questions.

By section 44 of the act either party within the law, if dissatisfied with the award of the administrative tribunal, could prosecute an appeal "to the circuit court of the county in which the accident occurred."

In the instant case, the employer became dissatisfied with the award, and, in accordance with the foregoing provisions, duly and regularly appealed to a state circuit court. When this appeal was lodged there, it instantly attempted to remove same to this court upon the ground that there was a diversity of citizenship.

1. It should be borne in mind that the appellant or employer in this case accepted the provisions of said act or system of laws. It sought the benefit arising from limitations on the amount of individual recovery and of speedy adjustment and settlement. Upon failure to agree with its employee, it voluntarily invoked the aid of the state's administrative tribunal in accordance with section 40 of said act, as follows: "If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this act, * * * either party may make an application to the commission for a hearing in regard to the matters at issue and for a ruling thereon."

It became dissatisfied with the award, and in accordance with said law appealed to a state court for a limited judicial review. This was a part of the process of adjustment agreed to by the employer when it accepted the provisions of said act. It could not accept a part of the act and reject other parts of it.

Section 2 of said act provides that "every employer and every employee * * * shall be conclusively presumed to have elected to accept the *provisions* of this act."

There were also provisions for rejection of the act. An acceptance, however, applied to *all the provisions* of the act, including the procedure of securing a limited judicial review in a state court. By its acceptance of the act, the employer expressly submitted to the jurisdiction of the state court. Having submitted to said jurisdiction in accordance with the procedure of adjustment prescribed by the act, it could not renounce the same and invoke the jurisdiction of the national court.

2. Moreover, the employer or appellant removed the controversy from the administrative board to a state court. It not only properly observed the procedure prescribed by the act, but it actually invoked a judicial review by a state court. Having voluntarily brought itself within the jurisdiction of the state court, it cannot now renounce it and invoke the paramount jurisdiction of the national court.

The motion to remand will be sustained.