## SNOOK v. INDUSTRIAL COMMISSION OF ILLINOIS et al.

### No. 2858.

District Court, E. D. Illinois.

Nov. 2, 1934.

Beasley & Zulley, of East St. Louis, Ill., for plaintiff.

D. S. Lansden, of Cairo, Ill., for defendants.

WHAM, District Judge.

■ After reflection upon the question as to the removability of an Illinois Workmen's Compensation case from the state circuit court to this court, and after giving consideration to the oral arguments of counsel and the cases cited therein, I have come to the conclusion that such case is not properly removable. A study of the act itself has led me to this conclusion. The cases

cited in the arguments of counsel were helpful in arriving at the general principles of law involved, but none wherein the question of removability arose dealt with a statute such as we have here.

It seems to me that the right of compensation created by the state of Illinois in its Workmen's Compensation Law is so inseparable from and united with the remedy provided as to make necessary its enforcement in the precise manner and in the particular tribunals prescribed by the statute. Whether the limited jurisdiction conferred by the statute upon the circuit court, not to try the case de novo, but simply to review questions of law and fact presented by the record of the Industrial Commission, coupled as it is with the duty in proper case to remand to the Industrial Commission with directions, can be said to be a civil suit at law within the meaning of the Removal Act (Jud. Code § 28 (28 USCA § 71), is open to question. The court is not given the cause with unhampered right in the exercise of its powers as a court of general jurisdiction to arrive at or declare the remedy provided by the statute, but its jurisdiction and powers are confined within comparatively narrow limits. Such limitation includes, in connection with the powers given, the duty of directing further administrative action on the part of the Industrial Commission when necessary.

I quote parts of the Illinois Workmen's Compensation Act having to do with the jurisdiction of the circuit court:

"Sec. 19. * * * (f) The decision of the industrial commission acting within its powers, according to the provisions of paragraph (e) of this section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph. * * *

"(1) The Circuit Court of the county where any of the parties defendant may be found shall by writ of certiorari to the industrial commission have power to review all questions of law and fact presented by such record. * * *

"(2) * * * The court may confirm or set aside the decision of the industrial commission. If the decision is set aside and the facts found in the proceedings before the commission are sufficient, the court may enter such decision as is justified by law, or may remand the cause to the industrial commission for further proceedings and may state the questions requiring further hearing, and give such other instructions as may

be proper. * * *" Smith-Hurd Ann. St. Ill., c. 48, § 156, par. (f) (1, 2).

It will be observed that as a very essential part of its duties under the statute the court is required to act in a directory capacity over the Industrial Commission. In any case wherein the court sets aside the order or award of the commission it may become the duty of the court to remand the cause to the Industrial Commission for further proceedings with a statement of questions requiring further hearing and to give such other instructions as may be proper. Its order in such case is purely interlocutory and not appealable, and its authority to give directions to the Industrial Commission necessary to a just disposition of the cause is purely statutory. I assume that such statutory authority would not be carried over to this court by the act of removal and the hands of this court would be tied in a case wherein justice required that it be remanded to the State Industrial Commission with directions. Neither would this court, in view of the statute, have any power to take for itself such additional evidence as, in its judgment, might be required to do justice. This court cannot have any greater jurisdiction than is given the circuit court in a statutory cause removed from that court. Wherefore, it seems obvious that in such situation the right created by the statute is so united with the remedy provided as to make necessary its enforcement in the particular tribunals prescribed by the statute. It would seem that the judicial functions of the state circuit court on review of the record and orders of the purely administrative Industrial Commission and the orders the court is empowered to enter are so closely related to further administrative duties of the commission that may be necessary in order to do complete justice under the statute as to necessitate the performance of such functions by the state court which has statutory authority to direct further proceedings by the commission.

In limiting the powers of the court and in commingling its duties with the duties and functions of the administrative tribunal so as to make the two interdependent, I discover no ulterior purpose on the part of the state to prevent the removal of such cases though such be the effect. Rather, the statute is effectively designed to assure prompt justice to employer and employee alike by what seemed to the lawmakers the most available method, that is, through an admin-

istrative body with power to enter final orders, but subject to review and supervision by the courts.

Plaintiff's motion, which will be taken as a motion to remand cause to the state court, is hereby allowed. Remanding order may be entered accordingly.