**DECKER v. SPICER MFG. DIVISION OF DANA CORP.**

Civ. No. 6530.

United States District Court
N. D. Ohio, W. D.

Nov. 26, 1951.

William T. Burgess, Toledo, Ohio, for plaintiff.

William J. Higley, Toledo, Ohio, for defendant.

KLOEB, District Judge.

This matter comes before the Court on the motion of the plaintiff to remand this case to the Common Pleas Court of Lucas County, Ohio, from whence it came.

Plaintiff's decedent was an employee of the defendant corporation and, on September 1, 1944, he sustained certain injuries in the course of his employment for which he was paid compensation in a total sum of $2,750.00. He died on the 10th day of July, 1946, and, on October 21, 1946, plaintiff, the surviving spouse, filed her claim with the Industrial Commission of Ohio for death benefits. Her claim was heard before the Toledo District Board of Claims on July 1, 1947, and, in due course, was denied on the ground that the record failed to show that the deceased had met his death as the result of injury sustained in the course and arising out of his employment. Plaintiff then filed an application for reconsideration with the Industrial Commission of Ohio, as provided by the Act, and,

on August 13, 1947, the Commission sustained the finding of the District Board of Claims. An application for rehearing was filed by plaintiff and, on February 26, 1951, the Commission finally disallowed the death claim. In accordance with the provisions of the Act, the plaintiff then filed her petition in the Common Pleas Court of Lucas County, Ohio, this being the County "wherein the injury was inflicted" and, in due course, the defendant filed its petition for removal of the cause to this Court on the ground of diversity of citizenship. Diversity of citizenship appears to exist.

Defendant claims its right to remove by virtue of Section 1441(a) of Title 28 Judicial Code, which reads as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

It is the contention of plaintiff that the defendant, by submitting itself to the jurisdiction of the Industrial Commission of the State of Ohio, and the statutes governing the operation of this body, has waived its rights to remove this case from the State Court to the Federal Court, and plaintiff further contends that the necessary administrative functions of the Industrial Commission of the State are so interwoven with the proceedings necessary to arrive at a final conclusion, as to make it impossible for a Federal Court to assume jurisdiction on the ground that it is proceeding with a civil action.

Section 1465–90 of the Ohio General Code appears to be the section of law most pertinent to the case before us. Because of the length of this statute, the Court quotes only the most pertinent parts thereof as follows:

" * * * If the commission, after such hearing, denies the right of the claimant to receive or to continue to receive compensation it shall state the ground or grounds on which the claim was denied and if the

claim was denied on any of the grounds hereinabove specifically stated then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the common pleas court of the county wherein the injury was inflicted, or in the common pleas court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio. * * If the claimant is seeking compensation from an employer who has qualified to pay compensation direct, as provided by section 1465–69 * * *, the defendant in such action shall be such employer and summons shall issue to such employer. Further pleadings shall be had in accordance with the rules of civil procedure. * * *

"Within ten days after the filing of the answer the industrial commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence; * * *. If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the industrial commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards, and such certificate of the court shall be entered in the records of judgments of such court and shall for the purpose of error proceedings, be in lieu of final judgment in such cause but notwithstanding the judgment rendered, the commission may modify or revoke a finding that the claimant is permanently and totally disabled if it finds on evidence that the claimant is thereafter capable of doing work.

"No such certificate shall be placed upon the record of judgments until such certificate has been submitted to the attorney general and no entry except an entry setting forth the trial of the case and the verdict of the jury shall be placed upon the record of the court until such entry has been so submitted."

It is noted that the statute specifically designates the filing of the petition in the Common Pleas Court of the County wherein the injury was inflicted. In the case of Ford, Appellant v. Industrial Commission of Ohio, Appellee, 145 Ohio St. 1, at pages 3, 4 and 5, 60 N.E.2d 471, 472, we find the following:

"The syllabus in Industrial Commission v. Weigand, supra, reads as follows:

" 'After a claim has been denied by the Industrial Commission on jurisdictional grounds, section 1465–90, General Code, grants a claimant the right to file a petition "in the common pleas court of the county wherein the injury was inflicted." This is a special statute applying to cases brought under our Workmen's Compensation Law. It relates not only to venue but to jurisdiction, since it selects the court which shall hear and determine such causes.' * * * On the other hand, where there is an express statutory provision granting an appeal and providing in what county and what court a party entitled to appeal may file a petition, the statute is exclusive and the general provisions of the Code of Civil Procedure, relating to venue and jurisdiction, have no application. * * *

"A petition for appeal, where the workman suffers his injury in Ohio, can be filed only in the Court of Common Pleas of the county in which the injury was inflicted."

It is also noted that Section 1465–90 specifically provides that "Within ten days after the filing of the answer the industrial commission shall certify *to such court*" (italics by the Court) "a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence".

It is noted further that the statute provides that, if the finding of the Court or the verdict of the jury is in favor of the claimant's right to participate or to con-

tinue to participate in the fund, the Court shall certify such finding or verdict to the Industrial Commission which shall order compensation to be paid but that the Commission, notwithstanding the judgment rendered, may modify or revoke a finding that the claimant is permanently and totally disabled, and the statute further provides that no such certificate shall be placed upon the record of judgments until it has been submitted to the Attorney General, and no entry, except an entry setting forth the trial of the case and the verdict of the jury, shall be placed upon the record of the Court until such entry has been so submitted.

It appears to this Court, from a study of the Act itself, that this case is not properly removable to a Federal Court. The right to compensation is so dependent upon the administrative procedure outlined in the Act as to render the hearing before the Court, in effect, but another step in the administrative procedure and not as such a civil action contemplated by Section 1441(a) of Title 28 of the Federal Judicial Code.

■ Under the Court methods of determining and awarding damages for injury and death due to industrial operations, that obtained prior to the enactment of the Workmen's Compensation Act, much delay and injustice ensued. Both employees and employers seemed to recognize this and to agree in Ohio back as far as the year 1912 that a new method ought to be devised to handle cases of this character. The establishment of an Industrial Commission by law was the result. A certain method of procedure that would result in the elimination of delays and injustices was outlined by statute, and the Commission was clothed with authority to act in all such cases. The appeal to the Court after denial in a re-hearing before the Commission was a necessary and logical step provided by the Act. In order to facilitate the appeal, the framers of the Act specifically designated a Common Pleas Court of the State to have jurisdiction in any given case, and the function of that Court was strictly limited to a review of the proceedings had before the Commission. Upon the petition being filed with the Court, the Commission is empowered to certify the transcript of the record which the Court is expected to review, and the Act is definite in empowering the Commission to certify such a transcript only "to such Court", meaning, of course, the Common Pleas Court of the County wherein the injury was inflicted. In the opinion of this Court, the Industrial Commission would have no authority whatever to certify a transcript of the proceedings had in this case to this Federal Court should this Court decide to assume jurisdiction.

■ It is the opinion of this Court that the administrative steps provided by the Act are inseparable from the right to review by a Court of Common Pleas; that a Court of Common Pleas of the County wherein the injury was inflicted is the only Court that can function under the provisions of the Act; that the defendant in this case, having submitted itself to the jurisdiction of the Industrial Commission, is bound to follow the steps outlined by the Act; that the review by the Court provided in the Act is not a civil action as contemplated by Section 1441(a) of 28 U.S. C.A.; and that, therefore, the motion to remand ought to be and is sustained.

State of New Jersey v. Weinberger et al., D.C., 38 F.2d 298, and Snook v. Industrial Commission of Illinois et al., D.C., 9 F. Supp. 26, have been helpful to the Court.

An order is drawn accordingly.