C. Richard COLLINS and Floyd Collins, co-partners, doing business as Collins Brothers Oil Company, Petitioners,

v.

PUBLIC SERVICE COMMISSION OF THE STATE OF MISSOURI, and Laclede Gas Company, a Missouri corporation, Respondents.

No. 530.

United States District Court
W. D. Missouri, Central Division.

April 9, 1955.

J. J. Middleton, Alton, Ill., Craig & Craig, Mount Vernon, Ill., Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., for petitioners.

James T. Blair, Jr., Jefferson City, Mo., James M. Douglas of Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., and Glenn D. Evans, of Public Service Commission of Missouri, Jefferson City, Mo., for respondents.

WHITTAKER, District Judge.

This matter is before me upon respondents' motion to remand to the Circuit Court of Cole County, Missouri, from which it was removed.

Understanding of the problem requires a brief statement of the case. In 1953, the Missouri Legislature passed an act, commonly known as the Underground Gas Storage Act, which, in general, authorizes a gas storage company, as there defined, to condemn, by action in a court of competent jurisdiction, subterranean geological strata for the purpose of storing natural gas therein. The statute being Section 393.410 et seq., V.A.M.S.

But, by Section 393.440 of that act, no such condemnation action may be commenced by any such gas storage company "unless such company shall have first obtained an order from the public service commission finding that the exercise of such right by such company will be in the public interest. Such order shall be made after hearing, and shall be effective, and subject to application for rehearing and to judicial review, as in the case of other orders of the public service commission."

Contemplating condemnation of certain subterranean geological strata in St. Louis and St. Charles Counties, Missouri, for such gas storage purposes, Laclede Gas Company, a Missouri corporation, filed an application with the Public Service Commission of Missouri, seeking an order finding that such proposed condemnation suit or suits would be in the "public interest." Public notice was given by the Commission of the filing of that application. Petitioners, citizens of Illinois, learned of the application, and, owning certain oil and gas leases, and having some producing wells, upon the lands and geological strata that would be affected by the proposed condemnation suit or suits, intervened. Hearings were held before the Commission, after which it issued an order finding that the proposed condemnations would be "in the public interest." Petitioners here filed a motion for rehearing, which was overruled by the Commission. Thereupon, the interveners (petitioners here) filed a petition for "writ of certiorari or review", under Section 386.510, V.A.M.S. in the Circuit Court of the county wherein the application was filed and decided (Cole County), for the purpose of reviewing the "reasonableness or lawfulness" of the Commission's order, and such writ of certiorari or review was issued by said Circuit Court and served on the Commission and on Laclede Gas Company, and, thereupon, said interveners, the petitioners here, filed their petition and bond for removal of the proceeding to this Court.

The Public Service Commission of the State of Missouri and Laclede Gas Company then moved to remand the proceeding to the Circuit Court of Cole County, as stated.

Afterward, the matter was extensively briefed by the parties and they also requested oral argument. After reading the briefs of the parties and making some independent research of the issues on the motion to remand, I heard them in

oral argument at Jefferson City on Saturday, March 26. At the conclusion of that argument I was of the view, and so announced, that this proceeding did not amount to "a civil action, brought in a state court, of which the District Courts of the United States have original jurisdiction," and I also questioned diversity (because of the presence of the Commission—hence the state of Missouri—as a party), and jurisdictional amount (because the matter did not appear to involve any right, measurable in dollars), and I announced my feeling that though this proceeding may involve—through the contentions and defenses of petitioners—questions involving the Constitution or laws of the United States, it did not present a proceeding "founded on a claim of right arising under the Constitution, treaties or laws of the United States", and that I felt constrained to remand the case. But counsel for petitioners asked for time to search for and submit additional authorities. Time to do so was granted. Petitioners have now submitted an additional brief, which I have considered.

█ Federal Courts are courts of limited and statutory jurisdiction. The only jurisdictional statutes which are relevant here are Sections 1331 and 1332, Title 28, U.S.C. Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

Section 1332, so far as here pertinent, provides:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States
* * *."

These are the pertinent jurisdictional statutes.

By Section 1441, Title 28, U.S.C., relative to the removal of causes to a Federal Court, it is provided:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

█ It is thus clear that an action, to be removable to the Federal Court under these statutes, must be a civil action involving more than $3,000, and (as said in Section 1331, supra) one that "arises under the Constitution, laws or treaties of the United States" (which means, as said in Section 1441, supra, "founded on a claim or right arising under the Constitution, treaties or laws of the United States"), or, (as said in Section 1332, supra) "between citizens of different states", and, as said in Section 1441, must be one, "brought in a State court, of which the district courts of the United States have original jurisdiction."

Passing my doubts as to whether this proceeding constitutes "a civil action", it is quite clear that—though the objections and defenses of petitioners may raise questions involving the Constitution or laws of the United States—this proceeding is not one "arising under the Constitution, treaties or laws of the United States", and is not "founded on a claim or right arising under the Constitution, treaties or laws of the United States", as any such claim of right must appear from the complaint, State of Minnesota v. Northern Securities Co., 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870, and, hence, this proceeding could not be removable as an action "arising under" or, "founded on a claim or right arising under, the Constitution, treaties or laws of the United States."

Again, passing my doubts as to whether this is a "civil action", it is clear, and admitted, that it was not "brought in a State court" (as required by Section 1441, supra, to be removable to a Federal Court), as it was "brought" before the Public Service Commission of Missouri, and I am satisfied that the lodgment of the petition for review with the Circuit Court of Cole County, which, of course, was a state court, did not constitute the bringing of a new proceeding, but was a mere continuation of the administrative proceeding to review the administrative order of the Commission.

Above all, I am satisfied that this proceeding was not one "of which the district courts of the United States have original jurisdiction", within the meaning of the removal act, Section 1441, supra, for, admittedly, this proceeding could not have been brought in any Federal Court, and the phrase "of which the district courts of the United States have original jurisdiction", has many times been held to mean an action that could have been brought in a Federal Court, In re Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558; Ex parte Wisner, 203 U. S. 449, 27 S.Ct. 150, 51 L.Ed. 264; Cochran v. Montgomery County, 199 U.S. 260, 26 S.Ct. 58, 50 L.Ed. 182; State of Minnesota v. Northern Securities Co., 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870; State of Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 22 S.Ct. 47, 46 L.Ed. 144; Mexican National R. Co. v. Davidson, 157 U.S. 201, 15 S.Ct. 563, 39 L.Ed. 672; Connolly v. First National Bank, 6 Cir., 86 F.2d 683; Pollitz v. Wabash R. Co., 2 Cir., 176 F. 333; Hall v. Great Northern Ry. Co., D.C., 197 F. 488; Waterman v. Chesapeake & Ohio Ry. Co., D.C., 199 F. 667; Turk v. Illinois Central R. Co., 6 Cir., 218 F. 315; In re Vadner (Vadner v. Vadner), D.C., 259 F. 614, 615; Centaur Motor Co. v. Eccleston, D. C., 264 F. 852; Kansas Gas & Electric Co. v. Wichita Natural Gas Co., 8 Cir., 266 F. 614, and many other cases, which deal with sundry situations and various reasons why the proceeding there considered could not have been brought in a Federal Court, and they all hold, for that reason, that the proceeding could not be removed to the Federal Court.

Petitioners, in their supplemental brief, point to the fact that several of the cases mentioned by me at the oral argument, namely, Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264, In re Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558, and Cochran v. Montgomery County, 199 U.S. 260, 26 S.Ct. 58, 50 L. Ed. 182, held that the action could not have been brought in the Federal Court because of the lack of venue, and that venue provisions do not apply to removal proceedings because of the express provisions of Section 1446, Title 28, U.S.C. A. That is quite correct. The question is not whether the case could have been brought in the particular Federal Court. Rather, it is whether it could have been brought in any Federal Court. Tennessee Valley Authority v. Tennessee Electric Power Co., 6 Cir., 90 F.2d 885. I referred to the cases mentioned by counsel only upon the general proposition that a case to be removable to a Federal Court must be one that could have been brought in *some* Federal Court. We have no question of venue here.

I am completely satisfied that this proceeding is not one that could have been brought in any Federal Court and that,

hence, it is not one "of which the district courts of the United States have original jurisdiction", and, therefore, is not removable to a Federal Court.

The analogy between this type of proceeding and the Workmen's Compensation cases is, I think, so close as to be indistinguishable. Generally, they hold that proceedings taken from the Compensation Commission to a court for review are but a continuation, in the Court, of the administrative proceeding and are not such actions as could have been brought in a Federal Court, and, hence, are not removable to a Federal Court. Snook v. Industrial Commission of Illinois, D.C. Ill., 9 F.Supp. 26; Elsas v. Montgomery Elevator Co., D.C.Mo., 38 F.2d 303; Decker v. Spicer Manufacturing Co., D.C. Ohio, 101 F.Supp. 207; Flowers v. Aetna Casualty & Surety Co., 6 Cir., 163 F.2d 411.

■■ Because of the foregoing conclusions which require remand of the cause, I feel it is unnecessary to determine whether the state of Missouri, through its Public Service Commission, is a real party in interest in this proceeding, thus destroying diversity under such cases as Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231; State of Minnesota v. Northern Securities Co., 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870; State of Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 22 S.Ct. 47, 46 L.Ed. 144, and other cases holding that a state is not a "citizen" of any state; nor do I feel it necessary to determine the question of whether the right here asserted by Laclede—a right to a finding that to commence and prosecute the proposed condemnation suit or suits would be in the public interest—is one measurable in dollars, and, thus, whether the requisite jurisdictional amount is involved, but, in passing, I should say that the burden is upon petitioners to establish that the "matter in controversy" exceeds the sum or value of $3,000. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 781, 80 L.Ed. 1135. "The policy of the statute calls for its strict construc-

tion." Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248. The "matter in controversy" must be money, or some right, the value of which can be estimated and ascertained in money, and which appears by record to be of the requisite pecuniary value. State of South Carolina v. Seymour, 153 U.S. 353, 357, 14 S.Ct. 871, 38 L.Ed. 742. In other words, the "'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 675, 86 L.Ed. 951; Healy v. Ratta, 292 U.S. 363, 367, 54 S.Ct. 700, 702, 78 L.Ed. 1248. Nor do principles of "stare decisis" or matters "which are merely collateral or incidental to the determination" of the issue raised by the pleadings have any bearing upon "the matter in controversy." Healy v. Ratta, supra. The test is, what is the direct and immediate pecuniary value of the "'object of the suit.'" McNutt v. General Motors Acceptance Corp., supra, Healy v. Ratta, supra, Thomson v. Gaskill, supra. Or, as otherwise stated, "the value of the object to be gained is the test of the amount involved." First National Bank of Columbus, Ohio v. Louisiana Highway Commission, 264 U.S. 308, 310, 44 S.Ct. 340, 341, 68 L.Ed. 701; Ronzio v. Denver & R. G. W. R. Co., 10 Cir., 116 F.2d 604, 606; Elliott v. Empire Natural Gas Co., 8 Cir., 4 F.2d 493, 497; Campbell Baking Co. v. City of Maryville, D.C.W. D.Mo., 31 F.2d 466, 467. Here, the "matter in controversy" and "object to be gained" is a mere order of the Commission finding that the proposed condemnation suit or suits would be "in the public interest", necessary as a predicate, to the subsequent institution of the suit or suits themselves. It is very doubtful whether, under the strict construction required, petitioners have carried the burden of showing that a right "which can be estimated and ascertained in money" [153 U.S. 353, 14 S.Ct. 873] is here involved. Enlightening upon this point are the cases of Jessup v. Chicago & N. W. Ry. Co.,

C.C.S.D.N.Y., 188 F. 931; Radio Electronic Television Corp. v. Bartinew Distributing Corp., D.C.S.D.N.Y., 32 F. Supp. 431; State of South Carolina v. Seymour, 153 U.S. 353, 14 S.Ct. 871, 38 L.Ed. 742. "The fact that the controversy is about a thing worth (more than $3,000) does not necessarily show that this sum is the amount in controversy." Jessup v. Chicago & N. W. Ry. Co., supra C.C.S.D.N.Y., 188 F. 933. Though, as indicated, I am of the view that the requisite jurisdictional amount is not here involved I need not definitely so hold, because the point is not necessary to a decision of the motion.

I am quite satisfied that this proceeding is not one founded on a claim of right arising under the Constitution or laws of the United States and is not a civil action, brought in a state court, of which the District Courts of the United States have original jurisdiction. and that, therefore, respondents' motion to remand must be, and it is hereby, sustained, and this cause is remanded to the Circuit Court of Cole County, Missouri from which it was removed.