## TINKER v. BOARD of SUP'RS of KOSSUTH COUNTY, IOWA, et al.

### ANDERSON v. SAME.

(District Court, N. D. Iowa, Central Division. August 18, 1923.)

No. 66, 67.

1. **Removal of causes ⬥84—Requirement as to giving of notice held mandatory.**

Judicial Code, § 29 (Comp. St. § 1011), providing that written notice of petition and bond for removal of cause from state court shall be given adverse party prior to filing, is mandatory and jurisdictional.

2. **Removal of causes ⬥84—Acceptance of service of notice by one describing himself as party's attorney held not good.**

Under Judicial Code, § 29 (Comp. St. § 1011), providing that written notice of petition and bond for removal shall be given adverse party prior to filing, where board of supervisors made party to appeal to state court from assessment of drainage district benefits and its members did not have any attorney of record, acceptance of service in name of its members by one signing himself as their attorney was insufficient.

3. **Removal of causes ⬥84—Notice required to be "given" must be served.**

Under Judicial Code, § 29 (Comp. St. § 1011), providing that written notice of petition and bond for removal of cause from state court shall be given adverse party prior to filing, "given" means served.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Given.]

In Equity. Two proceedings by George H. Tinker and A. K. Anderson against the Board of Supervisors of Kossuth County, Iowa, acting in Drainage District No. 165 of Kossuth County, Iowa, and another. On motion to remand. Motion sustained.

J. L. Bonar, of Algona, Iowa, for Tinker.

J. L. Bonar, of Algona, Iowa, and Kelleher & Mitchell, of Ft. Dodge, Iowa, for Anderson.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

T. P. Harrington, of Algona, Iowa, and Healy & Breen, of Ft. Dodge, Iowa, for defendants.

SCOTT, District Judge. The proceeding in which the above-entitled controversies arise was one to establish drainage district No. 165 in Kossuth county, Iowa, and to construct a system of drainage and assess the cost of construction upon land situate within the district. By proceedings presumably appropriate, the board of supervisors of Kossuth county caused to be established drainage district No. 165, within the limits of which George H. Tinker and A. K. Anderson each owned a quarter section of land. In such proceeding the board of supervisors appointed commissioners to view and classify the lands in said district, and to apportion to said lands the cost of said drainage district and improvements, which commission proceeded in the execution of these duties and in due time reported their doings to said board of supervisors. Subsequently, and within the time provided by law, Tinker and Anderson each separately filed his objections to the classification and assessment of benefits as fixed by said commission, and at the hearing said objections were overruled and a resolution was passed confirming the benefits as reported. Within the proper limit of time Tinker and Anderson each attempted the perfection of an appeal to the district court of the state of Iowa for Kossuth county, in pursuance of certain provisions of the Iowa statute. I say attempted the perfection of such an appeal, because each of such appeals is now challenged.

Section 1989a6 of the Iowa Code Supplement 1913, providing for appeals in respect to the assessment of damages, is as follows:

"Any party aggrieved may appeal from the findings of the board in establishing or refusing to establish the improvement district or from its finding in the allowance of damages to the district court by filing notice with the county auditor at any time within twenty days after such finding, at the same time filing a bond with the county auditor, approved by him, and conditioned to pay all costs and expenses of the appeal unless the finding of the district court shall be more favorable to the appellant or appellants than the finding of the board."

Section 1989a14 of the Iowa Code Supplement 1913, with respect to appeals from assessments of benefits, provides:

"An appeal may be taken to the district court from the order of the board fixing the assessment of benefits upon the lands in the same manner and time as herein provided for appeals from the assessment of damages. * * * The appeal herein provided for shall be tried in the district court as an action in equity. . * * * In all actions or appeals involving or affecting the drainage district, the board of supervisors shall be a proper party for the purpose of representing the drainage district and all interested parties therein, other than the adversary parties thereto; * * * in all appeals or actions adversary to the district, the appellant or complaining party shall be entitled the plaintiff, and the board of supervisors and drainage district it represents, the defendants. * * *"

Within the 20 days mentioned Tinker and Anderson, respectively, presented to and filed with Earl F. Peterson, county auditor of Kossuth county, notices of appeal addressed as follows:

"To the Honorable Board of Supervisors of Kossuth County, Iowa, All Petitioners for Said Drainage District No. 165 of Kossuth County, Iowa,

and All Persons Interested in Said Drainage District No. 165 of Kossuth County, Iowa."

The parties addressed in the notice were by its terms notified that the respective appeals would come on for hearing at the January, 1923, term of said district court to be held at the courthouse in Algona, Iowa, on the 29th day of January, 1923.

On January 11, 1923, Tinker and Anderson, respectively, docketed their appeals in the district court of Kossuth county, Iowa, by filing a pleading denominated a petition in equity, in which was set forth, in detail, proceedings had before the board of supervisors, including the objections filed by the appellants, to which was attached a transcript of the notice of appeal.

On the 29th day of January, 1923, said Tinker and Anderson each in his respective cause filed his petition for removal in such cause to this court, alleging diversity of citizenship and the requisite amount to be involved, and on the 13th day of February, 1923, an order of removal was duly entered in the state court, and on February 26, 1923, a transcript was filed and said cause docketed in this court.

At the June, 1923, term of this court, J. M. Moore, Olaf Funnemark, F. J. Balgeman, C. O. Peterson, and Chas. Morris, alleging themselves the sole members of the board of supervisors of Kossuth county, and said board of supervisors, filed special appearances in this court in said respective causes, challenging the jurisdiction of this court and moving to dismiss the causes for want of jurisdiction, and as alternative relief to remand said causes to the district court of Iowa for Kossuth county.

The grounds for removal were nominally 15 in number, but they are in large degree mere restatements in varied forms of language. Only one point was argued in the written brief of counsel for the motion, and as the court recalls two only mentioned in his oral argument. These points were: (1) That this court is without jurisdiction because the district court of Kossuth county was without jurisdiction for that no sufficient notice of appeal to the district court was ever served or filed. (2) That this court is without jurisdiction for that "no notice was ever given or served of the filing of said petition for removal as is required by the acts of Congress as aforesaid."

Upon the first point the contention of counsel for the motion is that the notice of appeal filed with the county auditor of Kossuth county was not addressed to any particular person, nor to the persons required by law to be given notice. Upon this point counsel relies in the main upon In re Paving Assessments, 193 Iowa, 1234, 188 N. W. 780. This was an attempted appeal from the action of the town council of Odebolt, Iowa, levying certain special paving assessments. The mayor and town council appeared and moved to dismiss the appeal for defect in the notice of appeal. The Code of Iowa, § 839, provides, with respect to such appeals, that an appeal may be taken "by serving written notice thereof upon the mayor or clerk, and filing a bond for costs, etc." The notice in question was directed, "To the Hon. Mayor and City Council of Odebolty, Iowa." The Supreme Court of Iowa, speaking through Mr. Justice Faville in that case, said:

"When a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him. This, we think, is the uniform practice, and is demanded by the necessity of such address, in order to guide the person making the service, and to identify the person served. * * *

"Descriptio personæ is not sufficient to meet the requirements of our statutes on notice. In appeals of this character, a written notice must be served upon the mayor or clerk. Under our previous holdings, it must, therefore, be addressed to the mayor or clerk upon whom it is served. It appears that the notice of the appeal in this case was not served upon the mayor, but was served upon the town clerk, to whom it was not addressed in any manner. * * *"

The Iowa Supreme Court in that case held the notice fatally defective and because of the defects therein dismissed the appeal. There may be some question as to whether the reason assigned by Mr. Justice Faville in the Odebolt Case would hold good in the instant case. Inasmuch as the service of notice of appeal under the drainage act is by filing the notice with a particular county officer, the necessity of a guide to the person making the service may be doubted. However that may be, the question is a close one, and inasmuch as a decision by this court of such question would not be generally authoritative, and inasmuch as in the opinion of this court the motion should be disposed of by a ruling upon the second question, no opinion is expressed.

[1-3] Section 29 of the Judicial Code (Comp. St. § 1011) provides that—

"Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

That this provision is mandatory and jurisdictional seems to be quite well settled. See numerous cases cited under section 1011 (page 972), vol. 1, U. S. Compiled Statutes 1916 and Supplement. The "party or parties" in these cases were the board of supervisors or the members thereof. The notice of petition for removal was addressed to the respective members of such board in their proper names and to the board of supervisors. No service, however, was made upon any of the members of the board of supervisors; the only service apparently being an attempted acceptance of service by an attorney. Indorsed upon the notice is an ordinary acceptance of service dated January 29, 1923, with the following appended:

"J. M. Moore, Olaf Funnemark, F. J. Balgeman, C. O. Peterson, Chas. Morris, Board of Supervisors, of Kossuth County, Iowa, by T. P. Harrington, Their Attorney."

Presumably Mr. Harrington had advised the board of supervisors in hearings before that body. However, no proceedings had taken place in the district court of Kossuth county, so far as shown by the transcript, between the docketing of the cause in that court, and the filing of the petition for removal and the entering of the order of removal. Neither the board of supervisors nor any of the members of said board had any attorney of record in the district court of Kossuth county in either of said causes, so far as shown by the transcript. In my opinion it would be going altogether too far to say that the board of supervisors or the members thereof have under the statutes of Iowa authority to delegate to another authority to accept service of a notice

required by the statute of the United States to be given them. I think in such case the word "given" means "served." An illustration of the reason for denying the right of vicarious service of notice upon public officers is found in this very case. Who can say but that had notice been personally served upon the members of the board, the board might have seen fit to have appeared in the district court of Kossuth county and opposed removal and demanded dismissal of the appeal by suggesting the first point made by counsel for the motion, viz., that there was no case pending in the district court of Kossuth county, because of fatal defect of the notice of appeal. Now it may be said that the board could not have resisted removal; that the filing of the petition and the bond effected the removal and deprived the state court of jurisdiction. But the state court might think otherwise. A state court cannot be deprived of jurisdiction when it has no jurisdiction, and in such instance the question of whether the state court had jurisdiction is one of state law and not federal law. Therefore the board might have moved in the state court to dismiss, and in case the district court of Kossuth county had denied its motion, it could have appealed to the Supreme Court of Iowa, the final arbiter of the question of jurisdiction of the state court under a state statute.

In the opinion of the court an acceptance of service by an attorney not of record in a state court is not good service upon a board of supervisors, and for that reason the motion to remand will be sustained.