## KELLEY'S ADM'R v. ABRAM.
### No. 485.

District Court, E. D. Kentucky, Richmond.

Aug. 4, 1937.

J. P. Chenault and George C. Robbins, both of Richmond, Ky., for plaintiff.

Eugene R. Attkisson and Attkisson & Attkisson, all of Louisville, Ky., and Salem W. Moody, of Richmond, Ky., for defendant.

FORD, District Judge.

The plaintiff, as administrator of the estate of Nay Kelley, deceased, instituted this action in the circuit court of Madison county, Ky., seeking to recover damages in the sum of $40,753 on account of the death of his intestate resulting from an automobile collision alleged to have been caused by the negligence of the defendant.

The plaintiff being a citizen of Kentucky, the defendant a citizen of the state of Wisconsin, and the matter in controversy being in excess of $3,000, upon the petition of the defendant the action was removed to this court, and is now submitted upon the plaintiff's motion to remand.

The motion to remand is upon the ground that the removal procedure taken in the state court is not in compliance with the requirements of the federal statute governing removal of causes (Jud.Code § 29, 28 U.S.C.A. § 72) in that (1) the notice of the filing of the petition and bond was not served upon the plaintiff in person, but was only served upon one of his attorneys of record; (2) the notice was not served a sufficient time prior to the filing to afford the plaintiff any opportunity to be heard in opposition thereto; (3) the petition and bond for removal were filed in the office of the clerk of the court and not in the court at a time when the court was in session; (4) the order of acceptance,

230

of the petition and bond was made by the judge of the court in chambers at a time when the court was not in session, without notice to the plaintiff, and the order, as made, fails to show approval of the bond; and (5) the petition does not contain a prayer for removal.

■ Prior to the revision of the removal statute (Jud.Code § 29, 28 U.S.C.A. § 72), it contained no requirement of notice. By the revision of March 3, 1911 (36 Stat. 1095), several provisions relating to procedure were appended to the statute, among which was the requirement that "Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same." This provision, while clearly mandatory in the sense that failure to comply with it would ordinarily warrant remand, if seasonably requested, nevertheless, unlike provisions as to diversity of citizenship and other indispensable jurisdictional prerequisites, it relates only to the mode or form of procedure and is not within that class of conditions which are fundamental to jurisdiction and which may not be dispensed with by agreement without infraction of the established rule that jurisdiction cannot be conferred by consent. Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093; Mackay v. Uinta Development Co., 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138.

On the same day and a few minutes before the petition and bond were filed in the clerk's office, notice thereof was served upon one of the plaintiff's attorneys of record.

■ It is a familiar rule prevailing in both federal and state courts that, after an action has been commenced, notice of a modal or formal step in the proceedings is sufficiently given to a party who is before the court and who is represented by an attorney of record, if it be served upon such attorney, unless otherwise specifically provided by statute or rule of court. 46 C.J. p. 556, § 60; 5 American Jurisprudence, p. 313, § 90. Recognition of this practice in the national courts may be found in the rules of the Supreme Court requiring certain motions to be served "upon counsel of record for the opposing party," and in the rules of the Circuit Court of Appeals of the Sixth Circuit providing that "copies of all papers or proceedings, filed by any party in any cause, shall at or before the time of filing, be served upon counsel representing each adverse interest. * * *" Like procedure in the courts of the state is expressly authorized by section 631 of the Civil Code of Practice of Kentucky which provides: "Unless it be otherwise specially provided in this Code, a notice to a party in an action of any motion or proceeding to be made or taken therein, in court or before a judge, may be served upon such party or his attorney."

■ I am of the opinion that the service of the notice upon one of the plaintiff's attorneys of record satisfied the statutory requirement.

The Madison circuit court was not in session at the time the petition and bond for removal were filed in the office of the clerk of the court, and the judge was absent from the county engaged in holding court in another county of the same judicial district. Several days later, without notice to the plaintiff, the petition and bond were presented to the judge of the Madison circuit court in chambers in the county of the district where he was found, and at that time and place the judge signed an order accepting them and directing the removal.

■ The requirement of the removal statute that the petition and bond be filed "in such suit in such state court" does not imply that the filing thereof may only be accomplished when the court is in session.

Section 108 of the Civil Code of Practice of Kentucky, providing that "The filing of an answer or subsequent pleading in the clerk's office during vacation, within the time allowed, with notice thereof to the adverse party, or his attorney, shall be equivalent to a filing in court," does not contravene any provision of the federal statutes. The removal statute (28 U.S.C.A. § 72) requires that the petition and bond shall be filed "before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."

Under the Kentucky Practice Act (Civ. Code Prac. §§ 367a-1 to 367a-3), a defendant is required to answer or plead on the first Monday of the month after the summons has been served upon him ten days, if served in the county, or twenty days, if served outside the county where the court sits. Obviously, to construe the re-

moval statute to require the filing of the petition only at a time when the court is in session, would put it within the power of the plaintiff to entirely defeat removal by filing his suit at a time when the court was in vacation, and when no session would be held before the expiration of the time within which the defendant by the state law would be required to answer or plead.

Following the provisions as to the filing, the removal statute (28 U.S.C.A. § 72) provides, "It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit." I am unable, however, to find anything in the statute which would warrant inferring that Congress intended the act of filing and the act of acceptance by the court to take place at the same time or that either must be done at a time when the court is in session.

Cogent reasons for construing the removal statute to authorize the filing and the acceptance of a petition for removal in vacation are stated by the Circuit Court of Appeals of the Eighth Circuit in the case of Engstrom v. Canadian Northern Ry. Co., 291 F. 736, 739, thus:

"Any other rule would frequently prevent a removal. Section 29, Judicial Code (Comp.St. § 1011 [28 U.S.C.A. § 72]), requires the petition for removal to be filed at or 'before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff,' and he must file a certified copy of the record in the District Court of the United States 'within thirty days from the date of the filing of the petition.'

"Many of the state courts only meet twice a year for a short session, but under the laws of the state or the rule of the state court, the defendant may be required to plead within a certain number of days after having been served with the summons. In such a case, the petition for removal must necessarily be presented and acted on by the state court or judge at once, in order to enable the defendant to file the transcript in the national court to which the cause has been removed within the 30 days after the filing of the petition, or the cause will necessarily be remanded. As most of the judicial districts of the state include a number of counties, the judge of the district is frequently absent from the county in which the action, sought to be removed, is pending. How can, under such condition, a cause be removed, unless the petition can be presented to the judge in vacation, wherever he happens to be within the district?"

In Remington v. Central Pacific R. Co., 198 U.S. 95, 99, 25 S.Ct. 577, 579, 49 L.Ed. 959, Mr. Justice Holmes said: "The presenting of the petition to a judge in chambers, and the filing of it in the state court, satisfied the statute," and then cited with approval the case of Noble v. Massachusetts Ben. Ass'n (C.C.) 48 F. 337, 338, in which Judge Wallace, speaking with respect to the filing of the petition and bond for removal said: "The statute * * * is satisfied when he files them with the official custodian of the records of the court."

In the case of Williams v. New York, P. & N. R. Co., 11 F.(2d) 363, 367, 45 A.L. R. 437, the Circuit Court of Appeals of the Fourth Circuit said: "The proper place to file papers is the clerk's office, and not with the judge, a matter all the more clear when, as we have seen, it is now clearly settled, the petition, if brought to the attention of the judge at all, may as well be submitted to him in chambers or in vacation, as when actually on the bench."

The plaintiff's complaint that the notice was not timely given seems to me to be based upon a misconception of the purpose of the amendment with reference to notice. Notice of the filing, not notice of a hearing, is what the statute requires. Hughes Federal Practice, § 2542.

In the case of Miller v. Southern Bell Telephone & Telegraph Company, 279 F. 806, 809 (C.C.A.4), the court said: "The object of the amendment, as we conceive, was not to give opportunity to oppose the filing, which no statute contemplates, but rather and merely to inform 'the adverse party or parties' that the right of removal will be exercised, and this object is accomplished by literal compliance with the provision; that is, by notice at any time, however short, before the actual filing."

■ It has long been the settled doctrine that upon the seasonable filing of a petition showing the suit to be removable under the statute, accompanied with sufficient bond, after prior notice, the jurisdiction of the federal court immediately attaches and that of the state court absolutely ceases. Baltimore & O. R. Co. v. Koontz, 104 U.S. 5, 26 L.Ed. 643.

In the case of Iowa Cent. Ry. Co. v. Bacon, 236 U.S. 305, 310, 35 S.Ct. 357, 358, 59 L.Ed. 591, the Supreme Court said: "In Madisonville Traction Company v. St. Bernard Mining Company, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462, this court said, citing many previous cases, that certain principles relating to the removal of causes had been settled, by the former adjudications of the court. One is that if the suit be one in which the circuit court could rightfully take jurisdiction, then upon the filing of the petition for removal in due time, with sufficient bond, the case is in law removed, and the state court loses jurisdiction to proceed further, and all subsequent proceedings therein are void. Furthermore, that if, upon the face of the record, including the petition for removal, the suit does not appear to be removable, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made."

The contention that the removal statute contemplates that a hearing shall be had before the state court upon timely notice to the plaintiff is neither indicated by express terms nor warranted by any inference therefrom, but, on the other hand, seems clearly inconsistent with the theory of removal stated by the Supreme Court in the cases above referred to.

■ In the performance of the statutory duty to accept the petition and bond, nothing more seems called for on the part of the state court than a mere, ex parte, inspection of the record by the judge of the court in order to determine whether "upon the face of the record" the suit appears to be removable. The letter of the statute requires the state court to do only two things: (1) To accept the bond and petition, and (2) to take no further step in the case. Further hearing and proceedings must necessarily be in the federal court.

Since it seems clear that the cause is removed by virtue of the Act of Congress and not by order of the state court, the fact of removal is not altered by the action of the state court. However, the practice generally prevailing for the removing party to present the matter to the judge of the state court before taking further steps in the federal court is eminently proper, not only in the observance of comity, but in the interest of orderly procedure. These considerations seem sufficient to warrant the federal court in declining to proceed with a case removed from a state court before the matter has first been appropriately presented to the judge of the state court for action, unless there be a showing of extraordinary circumstances sufficient to indicate that it was impossible or not reasonably practicable for the removing defendant to make such presentation during the thirty day period within which a certified copy of the record must be filed.

Sufficient has been said to show that I am unable to concur in the interpretation of the removal statute adopted in the case of Lee v. Continental Insurance Company (D.C.) 292 F. 408, 409.

In the case of Williams v. New York, P. & N. R. Co., 11 F.(2d) 363, 365, the Circuit Court of Appeals of the Fourth Circuit, after reviewing the doctrine announced by numerous District Courts, including this court in the Lee Case, said:

"* * * the suggestion made in a number of cases and supported by Judge Andrew M. J. Cochran with his usual industry and ability in Lee v. Continental Insurance Co., supra, that the Judicial Code now requires that written notice be given of the intention to file the petition and bond, so that the adverse party shall have an opportunity to be heard before the state judge in opposition is far from convincing."

The reasoning of the Circuit Court of Appeals of the Fourth Circuit in the Williams Case, supra, is convincing that the doctrine of the Lee Case should not be followed.

■ The final contention of the plaintiff that the petition for removal is insufficient in that it does not contain a specific prayer for removal is clearly untenable. The petition states facts which make out a clear case of removal under the statute. The prayer of the petition is: "* * * your petitioner prays that this court proceed no further herein, excepting to make an order accepting the bond presented herewith, and directing that a transcript of the record herein be made for filing in the United States District Court aforesaid."

The object and purpose of the petition is unmistakable. The omission is not material and should be disregarded. Hodge v. Chicago & A. R. Co. (C.C.A.) 121 F. 48.

■ Moreover, any defect which may exist in the prayer of the petition has been cured by an amendment which was clearly

permissible. Southern Pacific Co. v. Stewart, 245 U.S. 359, 38 S.Ct. 130, 62 L.Ed. 345.

I am of the opinion that neither of the grounds upon which the plaintiff rests his motion to remand is well taken, and hence the motion must be overruled. Let an order be entered accordingly.