**SWIFT & CO. v. McELROY.**

No. 13875.

Court of Civil Appeals of Texas.
Fort Worth.

March 10, 1939.

Rehearing Denied April 14, 1939.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellant.

Phillips, Williamson & Smith, of Tyler, for appellee.

BROWN, Justice.

Appellee took a load of hogs to appellant's stock yards, in Dallas, for the purpose of selling them to appellant. He was told by one of appellant's employees "to follow his hogs through"— that is to say, to accompany his hogs through the chutes to the pen where the scales were situated, on which the hogs would be weighed; and appellee followed such instructions.

There were groups or herds of hogs both in front of and behind appellee. It was the duty of the owner of a herd of hogs to close the chute, or pen-gate, behind him so as to separate his hogs from those following, and it was likewise the duty of the owner to see that the gate in front of his hogs was closed, when the herd preceding his passed into the pen in front of such owner.

All of this was done by appellee and other owners, and the appellant's employees, who were weighing the hogs,

were in the pen where the scales were situated.

Appellee went into the pen where the scales are situated, when the herd in front of him was in such pen to be weighed.

No invitation, or request, on the part of any of appellant's employees caused appellee to enter such pen. He went in on the general invitation given him "to follow his hogs through".

While appellee was in the weighing pen, one of the hogs, after being driven on the scales by an employee of appellant, turned and ran toward appellee. At this juncture appellee raised his foot and kicked, or attempted to shove, the hog to prevent him from running into or over him, and by so doing put his foot on the hog's head. One of appellant's employees, who was using a stick in driving and herding the hogs in the weighing pen, struck at the hog just as appellee put his foot on the hog's head and the descending stick struck appellee's foot, inflicting upon him the injuries for which the suit was brought.

Appellee (plaintiff below) pleaded his case as follows: "That plaintiff, in response to the expressed and implied request, solicitation and invitation of defendants, their agents, servants and employees, was assisting the agents, servants and employees in herding the hogs through the chute or chutes of defendants' company plant, and one of such agents, servants and employees was wielding and brandishing a large, stout club used in the separation and segregation of hogs, and negligently struck plaintiff across the left foot as aforesaid. As one of the hogs in the chute broke away from the other hogs and came in plaintiff's direction, plaintiff lifted his left foot in order to cause the hog to swerve or turn back and defendant's agent, servant and employee negligently struck plaintiff across the foot."

The specific acts of negligence alleged are, in substance, that the employee did not keep a proper lookout for the safety of plaintiff, while he was wielding and brandishing the club; that he recklessly and heedlessly brandished and wielded the club where human beings were accustomed to be; and in failing to use ordinary care to protect plaintiff from injury.

The cause was tried to a jury, on special issues, submitted as to the responsibility of Swift & Company, an Illinois corporation. On the answers, the trial court rendered judgment for appellee against said company.

The trial court refused the defendant's request for a peremptory instruction, and its motion for judgment notwithstanding the verdict.

An appeal having been taken to the Court of Civil Appeals for the Sixth Supreme Judicial District, same was transferred to this Court by the Supreme Court.

█ █ We think the trial court should have granted the defendant's request for a peremptory instruction, for two reasons: First, regardless of appellee's pleadings, the undisputed testimony shows that appellant's employee neither invited nor requested appellee to come into the pen where the accident occurred, and never requested appellee to assist in herding the hogs that were in the weighing pen; and appellee did not testify that he was assisting in the herding.

We have concluded that, under the facts testified to by appellee, he was a mere bystander at the time he was injured. He was bordering upon the realm of a trespasser, at the time. As such, the defendant's employee could not owe appellee a greater duty than to refrain from doing some wanton or willful act, or to not be guilty of some omission to perform some duty where such omission amounts to gross and inexcusable negligence. Stallcup v. United Gas Public Service Co., Tex.Civ. App., 119 S.W.2d 574, writ dismissed, opinion by Mr. Justice Speer.

█ Second, even if it could be said that appellant could be held liable to appellee, because of the failure of its employee to use ordinary care, on the occasion in question, nevertheless, the element of foreseeableness is indispensable to a recovery, and we hold that appellant's employee could not reasonably foresee that appellee would put his foot on the hog's head, or kick at the hog in such a manner that his foot would be on the hog's head, when the employee struck at the hog's head, in an attempt to herd it. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Diefenbach v. Great Atlantic & Pacific Tea Co. et al., 280 Mich. 507, 273 N.W. 783; City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927; Union Stock Yards v. Peeler, Tex.Com.App., 37 S.W. 2d 126; Missouri-Kansas-Texas R. R. Co.

of Tex. v. McLain, Tex.Com.App., 105 S.W.2d 206; Waggoner v. Simmons, Tex. Civ.App., 117 S.W.2d 553.

For the reasons stated, the judgment of the trial court denying appellee recovery against Swift & Company, a Delaware corporation, is affirmed and the judgment awarding damages against Swift & Company, an Illinois corporation, is reversed and here rendered in favor of such appellant.

We may add that there are other assignments of error requiring a reversal and a remand.

The trial court submitted this issue: "Do you find from a preponderance of the evidence that the plaintiff, Bernie McElroy, committed contributory negligence, as that term has been defined in this charge, in kicking at or extending his foot out at the hogs, at the time he was struck?"

Proper objections were made to this charge because it confined the deliberation of the jury to acts committed by McElroy and excluded omissions on the part of said appellee which could have constituted contributory negligence on his part.

The objections are well taken. The trial court cannot ignore the issues of contributory negligence that are raised in the trial of a case and attempt to submit only the issues of commission to the exclusion of issues touching omission to do, or to act in the interest of one's safety.

We think the definition of "proximate cause" is erroneous, under the facts in this case. It wholly omits the element of new and independent cause, which we think is raised by the testimony.

The court submitted this issue: "Do you find from a preponderance of the evidence that the person who struck the plaintiff on his foot, on the occasion in question, was negligent as that term is defined herein, in using his stick in the manner he did use it, at the time plaintff's foot was struck therewith?"

Proper objections were made to this issue, and we think they are well taken.

This issue does not attempt to submit to the jury the particular fact, or facts, pleaded and about which evidence was heard. It is entirely too general. City of Fort Worth v. Ware, Tex.Civ.App., 1 S.W.2d 464, opinion by Mr. Justice Dunklin.

Appellee remained in the pen where the hogs were being herded, after he saw the manner in which they were being herded, and he did not attempt to get out of the way of the oncoming hog, but remained in his tracks and attempted to turn the hog with his foot. The defendant had the right to have these acts of omission submitted. The jury might well find that either of such acts of omission, or the using of appellee's foot, on the occasion, constituted contributory negligence.

It was error to submit to the jury the general issue requiring the jury to find whether or not McElroy "was on the premises where he was injured at either the request or invitation of the defendant."

The testimony is undisputed that McElroy was not invited into, or requested to come into, the pen where a stranger's hogs were being herded; and the issue is not supported by the evidence.

Furthermore, being couched in such general terms, the jury was, perhaps, led to return an affirmative answer to the issue solely on the testimony that McElroy was requested, or invited, "to follow his hogs through."

The jury found, in answer to an issue submitted, that the person who struck plaintiff's foot acted in a reckless and heedless manner in wielding and handling the stick at the time plaintiff's foot was struck; and the definition given in connection with this issue is: "By the term reckless and heedless manner is meant that having knowledge of the plaintiff's presence he acted wholly without regard to any caution against injury of plaintiff."

In the first place we think the evidence does not raise the issue; and in the second place, the evidence discloses no such use as was not the usual and customary use made of a stick in herding the hogs.

We do not think the answer of the jury is supported by the testimony and we are quite certain that it is contrary to a preponderance of the evidence.

The judgment is affirmed in part, and reversed and rendered in part, as stated above.