### BAGBY v. BARTON et al.

No. 10415.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1942.

Rehearing Denied Jan. 19, 1943.

R. A. D. Morton, of El Paso, Tex., for appellant.

Allen R. Grambling and Jos. G. Bennis, both of El Paso, Tex., for appellees.

Before SIBLEY and HUTCHESON, Circuit Judges, and KENNERLY, District Judge.

HUTCHESON, Circuit Judge.

The suit was for damages for personal injuries. The claim was that while on a platform maintained by defendants for unloading cattle from cattle cars, plaintiff was injured by stepping into a hole in the platform negligently allowed by defendants to be there. The defense was that plaintiff was not on the platform where he was hurt, in the interest or for the advantage as well of defendant as of himself and therefore an invitee, but was a mere licensee, there for his own interest, convenience or gratification. There was a trial to a jury, and evidence establishing the material facts without contradiction.[1]

---

[1] These were the facts; that defendants, as owners of a stockyard, maintained an unloading platform at the south end of their yards adjacent to the Southern Pacific Railway tracks and about 300 feet from the scale house where cattle unloaded on the platform were weighed and cut according to their weight; that while on the platform to watch the unloading of cattle he had contracted to buy and was to take delivery of at the scale house, plaintiff, in attempting to step back out of the way of one of the cows being unloaded onto the platform and into the cattle chute on its way to the scale house, stepped into a hole in the platform; that it was the duty of the stockyard to unload the cattle and bring them down the chute to the scale house to be weighed and there delivered to those entitled to receive them, and plaintiff had no function or duty in connection with the unloading or the delivery to the scale house; the platform on which plaintiff was hurt was fenced off from public access, there was no gate or other entrance provided by which the public could come onto the

The evidence concluded, defendant moved for a verdict on the ground that the evidence established as a matter of law that plaintiff's presence on the unloading platform was not in the mutual interest of defendants and plaintiff but for plaintiff's own convenience; that, therefore, plaintiff was only a licensee thereon and that no duty rested in defendants to keep the platform in reasonably safe condition for him. This motion was sustained and a verdict was directed. Plaintiff, appellant here, assigns three errors, (1) the overruling of plaintiff's motion to remand; (2) the refusal to permit him to ask witnesses whether other shippers and dealers in cattle made it a practice or custom to be on the platform when their cattle were being unloaded; and (3) the direction of a verdict. Three points are made on the motion to remand: (1) That the notice of the filing of the petition for removal was inadequate because the notice was given on the day of the filing; (2) that all of the defendants did not join in the petition for removal; and (3) that the removal petition, filed after the amended petition had been filed, referred to the filing date of the original and not to that of the amended petition. There is no merit in any of these points.

■ The invoked statute, 28 U.S.C.A. § 72 does not prescribe any definite time for the giving of notice, and the record shows that though the petition was filed on the 13th, it was not heard until the 16th, and plaintiffs' counsel were present when the order of removal was signed by the State judge. Compare Miller

v. Southern Bell Telephone & Telegraph Co., 4 Cir., 279 F. 806; Kelley's Adm'r v. Abram, D.C., 20 F.Supp. 229; Pyatt v. Prudential Ins. Co., D.C., 38 F.Supp. 527. The removal petition was duly signed by all of the defendants, and it sought and obtained the removal not of the original or the amended petition in, but of the whole suit.

■ Whether the ruling as to the question asked and rejected did or did not present abstract error, compare Cameron Compress Co. v. Whittington, Tex.Com. App., 280 S.W. 527; Galveston, H. & S. A. R. Co. v. Collins, 31 Tex.Civ.App. 70, 71 S.W. 560; 17 C.J. p. 521; 25 C.J.S., Customs and Usages, § 33; Broussard v. South Texas Rice Co., Tex.Civ.App., 120 S.W. 587, we need not decide, for it is quite plain that no prejudice to plaintiff occurred therefrom for the court permitted testimony as to all of the individual shippers who had gone on to the unloading platform.

■ On his main point that the evidence as a matter of law showed that plaintiff was an invitee, or, in the alternative, it at least makes an issue of fact as to whether he was, we think plaintiff stands no better. The general rule applicable in all jurisdictions is that approved in Bennett v. Louisville & N. R. Co., 102 U.S. 577, 584, 26 L.Ed. 235. "The principle * * * appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it." Compare Norfolk Tidewater Terminals v. Wood

platform, there was a "No admittance" sign on it, and the only way to get onto it was either to crawl up through a hole in the fence, or climb over the fence, or come up on it, as plaintiff did, through the cattle chute. The cattle in question were under contract for shipment to the stockyards and delivery to the plaintiff at the scale house there, where they would be cut according to weight, the amount to be paid was to be determined, and the ownership of the cattle was to pass from the sellers, and plaintiff had been invited, and was expected, to be at the scale house to advise how he wanted the cattle cut and to take delivery. At the time of his injuries, plaintiff was not doing anything to assist in unloading the cattle or for the benefit or advantage of the stockyards. He was on the platform as a prospective owner of the cattle, watching the cattle as they came out

of the cars, as he said, so that if he found any of them injured, he could tell whether they had been injured by the railroad company or whether it happened in the stockyards. Asked "You were there for your own purpose"?, he answered, "For business purposes, my own purpose". "It was the duty of the stockyard to unload them?" "It was their duty. Yes, sir." "Those cattle all came down the chute to the scale house?" "Yes, Sir". "That is where many of the customers receive their cattle?" "That is where they receive them because that is where they get their weights, that is where they are weighed, that is where they receive them". It was undisputed that he was not asked to come onto the platform and that it was of no interest to the stockyards that he went there, and that he was there only for his own convenience.

Towing Corp., 4 Cir., 94 F.2d 164; The Santa Barbara (Canton Co. v. Brown), 4 Cir., 299 F. 147; Morse v. Sinclair Automobile Service Corp., 5 Cir., 86 F.2d 298; Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073; Kallum v. Wheeler, 129 Tex. 74, 101 S.W.2d 225; Cowart v. Meeks, 131 Tex. 36, 111 S.W.2d 1105; Swift & Co. v. McElroy, Tex.Civ.App., 126 S.W.2d 1040; Henry H. Cross v. Simmons, 8 Cir., 96 F.2d 482.

The difficulties in cases involving the point arise not out of the statement but of the application of the rule. Appellant concedes that the Texas rule, in its statement, is not different from that generally prevailing elsewhere, but he insists that here an invitation will be more readily implied than in some of the states, and where the facts show an invitation to enter upon the premises in connection with the business of its owner, a limitation of the invitation to particular portions of the premises will not be easily implied. Citing in support, Kallum v. Wheeler, supra, and Texaco Country Club v. Wade, Tex.Civ. App., 163 S.W.2d 219, and seeking to distinguish, Cowart v. Meeks, supra, Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S.W. 756, 8 Am.St.Rep. 611, and Swift & Co. v. McElroy, supra [137 Tex. 220, 152 S.W.2d 1075], appellant insists that since it is admitted here that appellant was an invitee as to a portion of the premises, the scale house, and since the unloading of the cattle was a part of the general job the stockyards was doing in which he had an interest, it is drawing too fine a distinction to hold him an invitee at the scale house and a licensee on the platform. We do not think so. In Carlisle v. J. Weingarten, Inc., supra, the Supreme Court of Texas set the markers for this case: "The most essential factor to be considered in determining this issue is whether the premises were public or private. If one uses his premises for private purposes, he has no reason to expect visitors other than those especially invited by him; and hence is under no obligation to keep his premises in a safe condition for the protection of those who may enter thereon without his invitation. It may be more convenient for him and those who live and work thereon to allow the premises to remain in a condition that would be unsafe as to strangers. Under such circumstances, strangers having no business thereon of interest to the owner have no right to demand that such owner keep his premises in such condition that they may enter thereon in safety at their will," while Cowart v. Meeks and Swift & Co. v. McElroy present fact cases, thus applying the rule.

It is not claimed that appellant was wrongfully upon the premises in the sense of being a willful and wholly unwanted intruder, it is conceded that he was permitted to be there but that concession does not save appellant's case. It merely makes him a licensee, the duty toward whom is to abstain from willful injury. He was, as to the platform, exactly the kind of person dealt with in the language of the Carlisle case, "a stranger having no business thereon of interest to the owner and no right to demand that such owner keep his premises in such a condition that he may enter in safety at his will". The judgment was right. It is affirmed.