## FLOWERS v. ÆTNA CASUALTY & SURETY CO. et al.

### No. 10200.

Circuit Court of Appeals, Sixth Circuit.

Aug. 25, 1947.

412

Hal E. Portrum, of Rogersville, Tenn., for appellant.

Clyde W. Key, of Knoxville, Tenn., for appellees.

Before ALLEN, MARTIN, and MILL-ER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Mrs. Fannie M. Flowers, suing in her own right and for the use of her minor children, instituted this action in the Chancery Court of Hawkins County, Tennessee, to recover death benefits under the Workmen's Compensation Law of Tennessee, Code 1932, § 6851 et seq., by reason of the death of her husband arising out of and in the course of his employment by the appellee, J. A. Jones Construction Company. The insurance carrier, Aetna Casualty & Surety Company, also an appellee herein, was made a co-defendant. On May 29, 1945, the appellees filed a petition for removal to the U. S. District Court, and on June 5th the removal order issued. On June 28th the appellees moved that the action be dismissed on the ground that venue was not properly laid in Hawkins County. On July 12, 1945, the appellant moved to remand the action to the State court. The District Court ruled that Hawkins County, Tennessee, was not the proper venue and dismissed the action without ruling on the questions raised by appellant's motion to remand. On appeal to this Court the judgment of the District Court was reversed on the ground that the motion to remand should have been sustained for the reason that the jurisdictional amount was not involved. Further details are given in the opinion rendered at that time, reported as Flowers v. Aetna Casualty & Surety Company et al., 6 Cir., 154 F.2d 881. In so disposing of the appeal we did not rule on the appellee's motion to dismiss or consider other grounds relied on by appellant in support of her motion to remand. Our judgment was in turn reversed by the Supreme Court which ruled that the jurisdictional amount was involved and remanded the action to this Court with instructions to consider and rule on the other questions involved. Aetna Casualty & Surety Co. v. Flowers, 67 S.Ct. 798. This we now proceed to do.

Appellant contends in support of her motion to remand that, in addition to the lack of the necessary jurisdictional amount, (1) the action is not a removable one, because not one of a civil nature in law or equity, (2) the jurisdictional grounds of the State court under the Workmen's Compensation Law is derived through a contractual relationship between the employer and the employee, and the employer having voluntarily brought himself within the state's jurisdiction is estopped to invoke the jurisdiction of the Federal court, (3) the petition to remove fails to allege the Federal court's jurisdiction of the subject matter and (4) the appellees failed to give the proper notice of filing of the removal petition.

We find no merit in the second and third grounds stated above, except in so far as they raise in a different way the same issue as is presented by the first ground, namely, that the action is not a removable one. The first three grounds are accordingly considered jointly. Section 28 of the Judicial Code, 28 U.S.C.A. § 71, provides—"Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State." The appellees are non-residents of Tennessee. Appellant's contention that the action is not a suit of a civil nature, at law or in equity, of which the district court has jurisdiction is based upon the rulings in Elsas v. Montgomery Elevator Company, D.C.W.D.Mo., 38 F.2d 303, and Snook v. Industrial Commission of Illinois, D.C.E.D.Ill., 9 F.Supp. 26. These rulings were based upon the particular provisions of the Workmen's Compensation Law of Missouri and Illinois respectively. In each case the act sets up administrative machinery for administering the rights provided. Appeal is taken to the State court from the award or action of the administrative commission. The real basis for the ruling is as stated in the Snook case—"It would seem that the judicial functions of the state circuit court on review of the record and orders of the

purely administrative Industrial Commission and the orders the court is empowered to enter are so closely related to further administrative duties of the commission that may be necessary in order to do complete justice under the statute as to necessitate the performance of such functions by the state court which has statutory authority to direct further proceedings by the commission." On the other hand, where the action is an original action in the State court, or where the trial court has general jurisdiction to act fully in the matter, it has been consistently held by numerous Federal courts that jurisdiction of the action is not restricted to the court of the state wherein the accident occurred, but that it is a suit of a civil nature of which the Federal district courts have jurisdiction when diversity of citizenship and necessary amount in controversy are present. Barrett v. Consolidated Coal Company, D.C. N.D.Ala., 65 F.Supp. 291; McLaughlin v. Western Union Telegraph Company, D.C. E.D.La., 7 F.2d 177; Ellis v. Associated Industries Ins. Corporation, 5 Cir., 24 F.2d 809; Travelers Ins. Co. v. Burden, 5 Cir., 94 F.2d 880; Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171; Franzen v. E. I. DuPont de Nemours & Company, 3 Cir., 146 F.2d 837. The Workmen's Compensation Act of Tennessee is court administered. The procedure, prescribed by Section 6885 of the Tennessee Code, is briefly as follows. In case of failure to agree upon compensation under the Act, either party may submit the matter for determination to the Judge of the county court in which the accident occurred, or at his option may file an original petition in the circuit, criminal or chancery court of the county in which the petitioner resides or in which the accident occurred. In a hearing before the county judge the judge is vested with jurisdiction to hear the case, render judgment "and enforce the same in the same manner as courts of record render and enforce judgment" and "he shall have such powers * * * as are possessed by the judges of the Circuit Courts as courts of general jurisdiction." Either party may appeal from the judgment of the county judge "as in other civil cases" to the circuit court. Any party to the proceedings

in the circuit court may pray an appeal in the nature of a writ of error to the Supreme Court, "where the cause shall be heard and determined in accordance with the practice governing other appeals in the nature of a writ of error in civil causes." These statutory provisions clearly classify the proceeding as a suit of a civil nature. Weston v. City Council of Charleston, 2 Pet. 449, 464, 7 L.Ed. 481. They have been held by the Supreme Court of Tennessee to be actions that are inherently transitory. Chambers v. Sanford, 154 Tenn. 134, 137, 289 S.W. 533. The federal courts are not restricted to enforcing only common law rights, but have jurisdiction to enforce rights created by state statutes. Northern Pacific Railroad v. Babcock, 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958. We consider the present action a removable one.

We are of the opinion that proper venue did not exist in the action as filed in the State court, but that it does not affect the validity of the removal. The accident occurred in Roane County. The non-resident corporate employer had its office and agent in that county, but had no office or agent in Hawkins County where the action was filed. Although the appellant lived in Hawkins County and the non-resident corporate insurance carrier also had an office and agent in Hawkins County, yet under the applicable Tennessee decisions this did not authorize the filing of the action in that county. The question is sufficiently discussed in the following opinions to make it unnecessary to review the question here: Redman v. DuPont Rayon Company, 165 Tenn. 585, 56 S.W.2d 737; Borden Mills, Inc., v. Manis, 173 Tenn. 440, 121 S.W.2d 523; Brown v. Stone & Webster Eng. Corporation, 181 Tenn. 293, 181 S.W.2d 148. When the action is of a removable character and the other necessary requirements for removal are present, the State court having jurisdiction of the subject matter of the action may, upon the filing of a petition for removal, enter a valid order of removal to the Federal Court on the petition of a defendant, even though the defendant is not properly before the court. Goldey v. Morning News, 156 U.S. 518, 525, 15 S.Ct. 559, 39 L.Ed. 517; Wabash Western Ry. Co. v. Brow, 164 U.S.

271, 17 S.Ct. 126, 41 L.Ed. 431; General Investment Co. v. Lake Shore, etc. Ry. Co., 260 U.S. 261, 268, 43 S.Ct. 106, 67 L.Ed. 244; Employers Reinsurance Corporation v. Bryant, 299 U.S. 374, 376, 57 S.Ct. 273, 81 L.Ed. 289. No formal order is actually necessary, as the action is automatically removed and federal jurisdiction attaches under the statute without the necessity of an order. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Williams v. New York P. & N. R. Co., 4 Cir., 11 F.2d 363, 45 A.L.R. 437; Holm v. Hickory Cane Mining Company, D.C.W.D. Ky., 36 F.Supp. 441. Although a motion by the appellees in the State court to dismiss for lack of proper venue would have been well grounded, the right to make such a motion was not lost by filing the petition for removal. A petition for removal, even though unqualified in its terms, amounts only to a special appearance instead of a general appearance, and after removal the party securing it has the same right to invoke the decision of the United States Court on the validity of jurisdiction over the person of the defendants that he has to ask its judgment on the merits. Goldey v. Morning News, supra; Wabash Western Ry. Co. v. Brow, supra; General Investment Co. v. Lake Shore, etc. Ry. Co., supra; Employers Reinsurance Corporation v. Bryant, supra. Accordingly, the appellees' motion to dismiss made in the District Court was properly sustained by the District Judge if the removal was valid.

The record shows the following facts. The petition for removal is marked "Received by mail May 29th, 1945, 10:30 a.m. & filed. (Signed) Juno G. Altom, C. & M." It was accompanied by petitioner's bond in the amount of $500, and a copy of a notice addressed to appellant and to her attorneys stating that the defendants in the State action would on May 29th, 1945 file in said cause their petition for removal to the U. S. District Court for the Eastern District of Tennessee together with bond for removal, and that at 9:00 a.m. on said date, or as soon thereafter as counsel could be heard, they would present to the Chancellor at his chambers at

Clinton, Tennessee, the said petition and bond and move for an entry of an order removing the cause. It was dated May 28, 1945, signed by counsel for the petitioners, and carried the following postscript also signed by counsel for petitioners: "Service of the foregoing notice was had by mailing copy thereof by United States mail, postage prepaid, to Portrum and Portrum, attorneys for the plaintiff, on this the 28th day of May, 1945." The copy of the notice is also marked "Received by mail May 29, 1945 10:30 A.M. & filed, Solr. for Complt. notified. (signed) Juno G. Altom, C. & M." An undated order of removal signed by the Chancellor is marked "Received by mail 10:30 A. M., June 5, 1945 & filed. Sol. for Complt. Not. (signed) Juno G. Altom, Clerk & Master." Juno G. Altom was the Clerk and Master of the Chancery Court at Rogersville, Hawkins County, Tennessee. It appears agreed by the parties that Portrum and Portrum, attorneys for appellant, had their offices at Rogersville, Tennessee. Appellant contends that under these facts the action was not properly removed to the U. S. District Court because of failure to give the required notice of filing the petition for removal as provided in Section 29 of the Judicial Code, Title 28 U.S.C.A. § 72. This section provides that upon filing the petition and bond in the State court,—"It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same." Although the record shows that the Clerk received a copy of the notice at the same time he received the petition for removal, it completely fails to show when the original of the notice was served upon appellant's attorneys. Rule 5(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, providing that service is made by mailing a copy of the paper to the party or his attorney at his last known address is not applicable as Rule 81(c) provides that the rules govern procedure after removal. Accordingly, the notice was not served until it was received. In re Leterman, Becher & Co., 2 Cir., 260 F. 543,

548, certiorari denied 250 U. S. 668, 40 S.Ct. 14, 63 L.Ed. 1198. The usual presumption that a letter properly stamped, addressed and mailed is delivered in due course would not prevail in this case, as the record does not show any address to which the notice was mailed. Kansas City Life Ins. Co. v. Cox, 6 Cir., 104 F.2d 321, 325. Appellant concedes in her brief that the notice was received by mail, but it is not conceded that it was received prior to the filing of the petition for removal. Appellant's motion to remand denies that the notice was given prior to filing the petition. The burden of proof on this issue rests upon the appellees. Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144. It has not been met.

Appellees contend, however, that the statutory provision for notice is directory rather than mandatory and that substantial compliance with the same is sufficient. Kueck v. Northwestern Mutual Life Ins. Co., D.C.S.D.N.Y., 2 F.Supp. 400; Bank of America, etc. v. United States National Bank, D.C.S.D.Cal., 3 F.Supp. 990; Lewis v. Erie R. Co., D.C.M.D.Pa., 257 F. 868. There are also numerous rulings sustaining the view prevailing in many district courts that since the object of the statute is not to provide an opportunity to the adverse party to oppose the filing of the petition or order of removal, but is rather merely to inform him that the right of removal would be exercised, and this object is accomplished by literal compliance with the provision, notice of the filing given at any time, however short, before the actual filing, is sufficient. Miller v. Southern Bell Tel. & Tel. Co., 4 Cir., 279 F. 806; Williams v. New York P. & N. R. Co., supra, 4 Cir., 11 F.2d 363, 365, 45 A. L. R. 437; Bagby v. Barton, 5 Cir., 131 F.2d 887; Kelley's Adm'r v. Abram, D.C.E.D.Ky. 20 F.Supp. 229; Cropsey v. Sun Printing & Publishing Ass'n, D.C.N.J., 215 F. 132. Although this rule is contrary to the rule announced by other district courts that the notice should be sufficient to afford the adverse party an opportunity to be present at the presentation of the petition and bond and to be heard on the removability of the cause on the papers

present, if such is his desire (Lee v. Continental Ins. Co., D.C.E.D.Ky., 292 F. 408, and cases cited therein), we believe the rule as stated in Miller v. Southern Bell Tel. & Tel. Co., supra, is the better ruling, and that notice given prior to the filing of the petition and bond is sufficient regardless of how short the prior notice might be. There is nothing in the statute requiring that the prior notice be of any particular length of time before the filing of the petition and bond. The automatic removal of the action to the Federal court upon the filing of the proper petition and bond, the ability of the party seeking the removal to have the question of removability decided by the Federal Court by filing a transcript of the proceedings in the U. S. District Court regardless of the State Judge's refusal to issue an order of removal, and the fact that the ruling of the Federal court on the question of removability is decisive regardless of how the State court may have ruled, indicate rather clearly that the question of removability is to be decided in the Federal court rather than in the State court. See Kelley's Adm'r v. Abram, supra; Holm v. Hickory Cane Mining Co., supra; Cropsey v. Sun Printing & Publishing Ass'n, supra. However, such a ruling does not dispose of the issue in this case where the record fails to show any notice at all prior to the filing of the petition and bond. The wording of the statute is very plain and unequivocal on that point. It specifically provides that the notice be given prior to the filing of the petition and bond. This Court has previously indicated its view that the provision is mandatory, although a direct ruling on the point was not required or given. United States v. Sessions, 6 Cir., 205 F. 502. In that opinion we quoted with approval the statement in Babbitt v. Clark, 103 U. S. 606, at page 610, 26 L.Ed. 507: "The right to remove a suit from a State court to the Circuit Court of the United States is statutory, and to effect a transfer of jurisdiction all the requirements of the statute must be followed." We further said—"The provision is either mandatory or inoperative. There is no middle course. The mandate must be carried into effect or be practically destroyed." See also Goins v. South-

ern Pacific Co., D.C.N.D.Cal., 198 F. 432; Loland v. Northwest Stevedore Co., D.C. Or., 209 F. 626; Arthur v. Maryland Casualty Co., D.C.Mass., 216 F. 386; In re Vadner, D.C.Nev., 259 F. 614; Tinker v. Board of Supervisors, D.C.N.D.Iowa, 292 F. 863; Partridge v. Bond, D.C.E.D.Va., 17 F.Supp. 257; Bluffton Real Estate Co. v. Wysong, D.C.E.D.S.C., 24 F.Supp. 344; Kelley's Adm'r v. Abram, supra, D.C., 20 F.Supp. 229, 230. Since the giving of prior notice is mandatory under the statute, and it was neither given by the appellees nor waived by the appellant in this case, the action was not properly removed from the Tennessee Court to the U. S. District Court, and appellant's motion to remand should be sustained.

In accordance with the views expressed in our previous opinion in this case [6 Cir., 154 F.2d 881], and for the reasons indicated therein, we are of the opinion that the District Judge should have remanded the action to the State court without passing upon the motion to dismiss. Accordingly, the order of the District Court dismissing the action is reversed, and the action is remanded to the District Court for further proceedings consistent with this opinion.