## ELLIS v. ASSOCIATED INDUSTRIES INS. CORPORATION.

Circuit Court of Appeals, Fifth Circuit.
March 7, 1928.

No. 4991.

1. Courts ⟨⟩489(9½)—Federal court has jurisdiction of suit to review award by Industrial Accident Board under Compensation Act (Workmen's Compensation Act [Vernon's Ann. Civ. St. Supp. Tex. 1918, art. 5246—44]).

The provision of Texas Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), requiring suit to review an award by the Industrial Accident Board to be brought in the county where the accident occurred, does not exclude jurisdiction of the federal court of the district including such county, where diversity of citizenship and jurisdictional amount are shown.

2. Master and servant ⟨⟩367—Assistant hired by contract agent operating selling station for oil-refining company held not "employé" of company, within Compensation Act (Workmen's Compensation Act [Vernon's Ann. Civ. St. Supp. Tex. 1918, art. 5246—82]).

Where an oil-refining company in Texas appointed an agent to conduct one of its selling
24 F.(2d)—51½

stations on a commission basis, the contract providing that he should hire and pay any assistants needed, who should be his employees and under his sole control, a driver of a truck employed by him, who was killed, held not an "employé" of the company, within Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. Tex. 1918, art. 5246—82), and that the company was not liable for his death under the act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by the Associated Industries Insurance Corporation, against Mrs. J. B. Ellis. Judgment for plaintiff, and defendant brings error. Affirmed. For opinion below, see 16 F.(2d) 464.

Bert King, of Wichita Falls, Tex. (Carrigan, Britain, Morgan & King, of Wichita Falls, Tex., on the brief), for plaintiff in error.

Neal Powers and Chas. I. Francis, both of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellee issued a policy of liability insurance covering the employees of the American Refining Company. That company entered into a contract with J. C. Warren, whereby he was constituted its agent for the sale of gasoline and other products on which sales he received a commission. According to the contract, the refining company furnished and equipped certain premises at Burkburnett, Tex., but it was provided that Warren should hire and pay any assistants needed in the business, and furnish necessary conveyances for hauling and delivering the commodities sold. The contract expressly provided that such assistants as the agent might hire should be his employees, and entirely under his direction and control. Warren employed J. B. Ellis as a driver of a truck. In the course of his employment he received injuries from which he died. His widow and minor children applied to the Industrial Accident Board of Texas for compensation under the provisions of the Workmen's Compensation Laws of Texas, and were awarded the sum of $13.29 per week for 360 weeks.

Appellee was dissatisfied with the award, and under the provisions of the statute brought suit in the District Court to set it aside within the time allowed by the law.

Appellant challenged the jurisdiction of the court, on the ground that under the Workmen's Compensation Law of Texas (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44) a suit to set aside an award of the commission could be brought only in the county where the injury occurred, and therefore only a state court could have jurisdiction. This exception was overruled. The jury was waived, and the case was submitted to the judge on an agreed statement of facts, and resulted in a judgment for appellee, rejecting the demand in its entirety.

Various errors are assigned, but only two questions are presented for decision: First, jurisdiction; and, second, whether Ellis was an employee of the refining company and entitled to compensation, for which appellee would be bound. The stipulation as to the facts and the contract between Warren and the refining company are set out in full in the well-considered opinion of the District Court, to be found in 16 F.(2d) 464, and need not be repeated here.

[1] The compensation law does not in terms restrict a review of the decisions of the board to the state courts. The provision that suit shall be brought in the county where the injury occurred is not infringed by bringing suit in the District Court which includes the county within its territorial jurisdiction, and that court was fully competent to render judgment in the premises, as diversity of citizenship and the necessary jurisdictional amount are shown. Texas Pipe Line Co. v. Ware (C. C. A.) 15 F.(2d) 171; Certiorari denied, 273 U. S. 742, 47 S. Ct. 335, 71 L. Ed. 869; United Dredging Co. v. Lindberg (C. C. A.) 18 F.(2d) 453; Railway Co. v. Whitton's Administrator, 13 Wall. 270, 20 L. Ed. 571.

[2] The Texas Workmen's Compensation Law defines an employee as follows:

" 'Employé' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written." Vernon's Sayles' Civ. Stat. Supp. 1918, art. 5246—82.

Construing this provision, in Shannon v. Western Indemnity Co., 257 S. W. 522, a decision by the Commission of Appeals, adopted by the Supreme Court of Texas, the court said:

"The authorities seem to be practically in accord in holding that to constitute one an 'employé' in the meaning of the compensation laws, there must exist between the parties the relation of master and servant, in the broad sense that the one has the right of ultimate control and direction over the other."

In that case the court was dealing with the question of whether the injured person was an employee or an independent contractor, but the rule of interpretation is applicable here.

Appellant cites a number of cases in support of the contention that Ellis was in fact an employee of the refining company. Of those cited the one nearest in point is Maryland Casualty Co. v. Scruggs et al. (Tex. Civ. App.) 277 S. W. 768, where the facts were practically identical with those in the case at bar, with this material exception: In that case the Pierce Oil Corporation had appointed Scruggs its agent, practically the same as Warren was appointed, but there was nothing in the contract regarding the status of employees who might be hired by Scruggs. The court found substantially that the injured person was employed by Scruggs for the benefit of his principal and that he was intended to be covered by the insurance. We think the plain provision in the contract in this case, that any one employed by Warren should be his employee, coupled with the fact that the refining company had no control over him, is sufficient to differentiate the case, and it is not controlling. The other cases cited are not in point and require no comment.

The decision in each case depends upon the facts shown. Cases may arise in which the employees of an agent may be considered employees of the principal for the purpose of awarding compensation to them, but that does not necessarily follow in each case. For instance, if a person were doing a large business in other lines with many clerks, they could hardly be considered the employees of a third person who had appointed him as selling agent for one article, though it was sold entirely through their efforts. There is no good reason why one appointing a selling agent on commission may not stipulate in the contract that the employees of the agent shall not be considered in the employees of the principal. There is nothing in the laws of Texas that would prevent such a contract. On the facts in this case, considering the terms of the contract between Warren and the refining company, and that the latter did not pay his wages, had nothing to say regarding his employment or discharge, and did not have control or direction of him in any way, we conclude that Ellis was not an employee of the refining company and appellee was not liable to appellants for compensation.

The record presents no reversible error.

Affirmed.