Almeda HONAKER, Appellee,

v.

KINGSPORT PRESS, INC., Appellant.

Supreme Court of Tennessee.

Oct. 24, 1983.

Richard M. Currie, Jr., Wilson, Worley, Gamble & Ward, Kingsport, for appellant.

Bobby Ray Tate, Kingsport, for appellee.

OPINION

COOPER, Justice.

In this worker's compensation action, the employer appeals from a decree of the chancellor ordering it to pay the employee's attorney a fee equal to twenty percent of the temporary total disability benefits awarded the employee.

The dispute over payment of the fee arises from the fact that the employer, in addition to its liability under the Worker's Compensation Act, has a self-insured accident and sickness program primarily designed to cover the non-occupational disability of an employee. Under the plan, a totally disabled employee is paid benefits at the rate of $144.72 per week for up to fifty-two weeks. If the employee's disability is due to a compensable injury, the benefits paid under the accident and sickness plan are reduced by the amount of worker's compensation benefits paid the employee.

Almeda Honaker sustained an injury to her back on July 25, 1981. She made a claim for worker's compensation benefits and also for any benefits due her under the employer's accident and sickness program. Kingsport Press denied her worker's compensation claim, and paid her the full weekly benefits due under the accident and sickness plan.

Subsequently, Mrs. Honaker brought suit seeking benefits under the Worker's Compensation Act. On trial of the action, the chancellor found that Mrs. Honaker's injury was compensable, that she was totally disabled for fifty-two and two-sevenths weeks, and that she had a ten percent permanent partial disability to the body as a whole. The weekly benefit due Mrs. Honaker under the Worker's Compensation Act was found to be $126.00, which was less than the payments made by Kingsport Press to Mrs. Honaker under the accident and sickness plan.

Noting that the parties had stipulated that disability payments under the accident and sickness plan were to be reduced by benefits due Mrs. Honaker under the Worker's Compensation Act, the chancellor allowed Kingsport Press credit for the benefits paid and held that the payments extinguished the obligation of Kingsport Press "to pay temporary total disability benefits to [Mrs. Honaker], except for two-sevenths weeks at $126.00 or $36.00." However, on motion of counsel for Mrs. Honaker, the chancellor ordered Kingsport Press to pay a fee to counsel of twenty percent of the temporary total disability benefits found to have been satisfied by payment of accident and sickness disability benefits. In our opinion, this was error.

T.C.A. § 50–6–226(a) expressly provides that the fee of an attorney for services to

an employee in a worker's compensation action is "to be paid by the party employing the attorney." An exception is made where the attorney representing the employee secures a recovery from a third party tortfeasor and there is reimbursement to the employer of a part or all of the worker's compensation benefits paid. *See* § 50–6–112. But that is not the case here. The action in the instant case was not against a third party tort-feasor, but was against the employer. The payments credited against the temporary total disability benefits were not paid by a third party, but were paid by the employer to the employee. Under these circumstances, any fee that may be due the attorney is "to be paid by the party employing [him]," which is Mrs. Honaker.

The decree of the chancellor awarding Mrs. Honaker worker's compensation benefits, which was not contested on appeal, is affirmed. The order that Kingsport Press pay a fee to counsel for Mrs. Honaker is reversed. Costs incident to the appeal will be paid by Almeda Honaker.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ.