**Robert TISDALE, Plaintiff,**

v.

**STONE & WEBSTER ENGINEERING CORPORATION and Employers Casualty Company, Defendants.**

**Civ. A. No. J83–0222(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 17, 1984.

---

James Phyfer, Jackson, Miss., for plaintiff.

Clifford B. Ammons, Watkins & Eager, Jackson, Miss., for defendants.

## ORDER AND
## MEMORANDUM OPINION

BARBOUR, District Judge.

This matter is before the Court on the Motion to Dismiss, or in the alternative, for change of venue filed by the Defendants, Stone & Webster Engineering Corporation and Employers Casualty Company. This action was originally filed on February 24, 1983, in the Chancery Court of Copiah County, Mississippi, and was subsequently removed to this Court. The Plaintiff's Complaint alleges that he was injured while working for his employer, Stone & Webster, on July 6, 1982. The Complaint seeks recovery under the Louisiana Workers' Compensation statutes. Prior to July 1, 1983, the Workers' Compensation scheme of Louisiana entailed judicial determination of controversies arising under the Workers' Compensation statutes. Since July 1, 1983, however, Louisiana has adopted the "administration" form of procedure requiring the initial filing of any claim in the office of the Workers' Compen-

sation Administration, rather than in a court. R.S. 23:1310 (effective July 1, 1983). If the Plaintiff seeks recovery for an injury, or re-injury which occurred after July 1, 1983, his *exclusive* remedy would be filing a claim with the office of the Workers' Compensation Administration in Louisiana, rather than by proceeding in a court, whether in Mississippi or Louisiana. Mississippi courts have long held that actions governed by Louisiana Workers' Compensation law could be prosecuted in the Mississippi courts, applying Louisiana law. The basis for this holding is that Mississippi courts are fully capable of applying another state's law where the action was judicially cognizable in the foreign state. *See, e.g., Floyd v. Vicksburg Cooperage Co.,* 156 Miss. 567, 126 So. 395 (1930). Mississippi courts will not exercise jurisdiction over a workers' compensation proceeding governed by another state's law where that state requires the proceeding to be brought before an administrative agency. *See, e.g., Green v. J.A. Jones Const. Co.,* 161 F.2d 359 (5th Cir.1947); *Bethlehem Steel Company v. Payne,* 183 So.2d 912 (Miss.1966). In *Green,* the Fifth Circuit held that the Mississippi courts would not exercise jurisdiction to enforce Georgia's Workmens' Compensation Act where the exclusive forum was the Georgia State Board of Workmens' Compensation. In *Bethlehem,* the Mississippi Supreme Court, declining to exercise jurisdiction over a workmens' compensation proceeding governed by North Dakota law stated as follows:

It follows that the above stated general rule would preclude recovery under the North Dakota statute since the remedy under North Dakota Law is *administrative rather than judicial.* Appellee's claim could be filed only with the North Dakota Bureau of Compensation and could not be heard for the first time in any court, including the courts of North Dakota.

183 So.2d at 915 (emphasis added).

█ Although the Plaintiff is a Mississippi resident and the Mississippi courts have an interest in protecting the rights of Mississippi citizens, even when those rights arise under the law of a sister state, the Court is of the opinion that a Mississippi court, if faced with this issue, would dismiss this action to allow it to proceed before the appropriate administrative agency in Louisiana.

The Defendants' Motion to Dismiss under the theory of *forum non conveniens,* or in the alternative, for change of venue under 28 U.S.C. Section 1404(a) (1976) is based upon two principle grounds:

1. The fact that the accident occurred in Louisiana and numerous witnesses are from Louisiana make the trial one which would be easier to try in Louisiana than in Mississippi;

2. Due to the complex nature of the recent statutory procedures for dealing with Louisiana Workers' Compensation claims, and due to the continuing nature of the remedy which requires an open file, as opposed to a single determination with respect to the Plaintiff's claim, the Louisiana Workers' Compensation Administration would be the appropriate forum to decide the Plaintiff's claim.

█ The rationale for the doctrine of *forum non conveniens* was discussed in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947):

The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.

*Id.* at 507, 67 S.Ct. at 842. *Gilbert* established two areas of consideration in determining whether to dismiss an action upon the grounds of *forum non conveniens.* Prior to reaching these grounds, of course, the doctrine requires that the Plaintiff have an alternative forum in which the action may be brought. The first area of consideration involves the "private interest" of the litigants.

An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of com-

pulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

*Id.* at 508, 67 S.Ct. at 843. In the instant case, the facts indicate that the Plaintiff has one witness from the State of Mississippi, his treating physician, and the possibility of another witness, his wife. On the other hand, the Defendant has claimed that the Plaintiff's co-workers, supervisors and bookkeepers for the employer, and insurance company personnel all would be *essential* in this cause. All of these witnesses reside in Louisiana, beyond the process of this Court. Furthermore, the Plaintiff's accident occurred in Louisiana and a view of the premises would be impractical if the proceeding were held in Mississippi.

The second area of consideration involves the "public interest" involved in choosing a situs for the litigation.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than have a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 508–09, 67 S.Ct. at 843. *Accord, Koster v. Lumbermens Mutual Cas. Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). As Professor Larson pointed out in his treatise on workmen's compensation law, the different workmen's compensation schemes enacted by the several states are complex and are best administered by the individual state's agencies or courts.

The point at which these commentators go wrong is in underestimating how 'special' the special remedy afforded by a modern compensation act is. If there were no more to compensation administration than handing the claimant a sum of money and being done with him, the matter might be different. But a highly developed compensation system does far more than that. It stays with the claimant from the moment of the accident to the time he is fully restored to normal earning capacity. This may involve supervising an on-going rehabilitation program, perhaps changing or extending it, perhaps providing, repairing and replacing prosthetic devices, and supplying a vocational rehabilitation. Apart from rehabilitation, optimum compensation administration may require re-opening of the award from time to time for change of condition or for other reason.

*Larson, 4 Workmen's Compensation Law* § 84.20, 16–10, 11 (1984). Under the facts in the instant case, it appears that the Plaintiff was injured on or about July 6, 1982, and returned to work on or about February 4, 1983. It appears that the Plaintiff continued at his job until June 9, 1984, when he left his job to have additional surgery performed upon his back. Certainly, if the Plaintiff reinjured his back in June of 1984, the new Louisiana workers' compensation statute, which places exclusive jurisdiction for Louisiana workers' compensation claims in the Workers' Compensation Administration would govern. *See Green* and *Bethlehem supra.* Even if the Plaintiff did not reinjure his back in June of 1984 (a fact the Plaintiff neither admits nor denies in his brief in opposition to the Motion to Dismiss), the continuing nature of a workers' compensation proceed-

ing makes it one more suitable for determination in Louisiana, the state whose workers' compensation law is being applied, than in the State of Mississippi.

The *Gilbert* and *Koster* standards for invocation of dismissal under the doctrine of *forum non conveniens* are still applicable today. In *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the Supreme Court, citing to *Gilbert* and *Koster*, upheld the dismissal of an action filed in California, where the plaintiff had an alternative forum in Scotland, where the accident occurred and the majority of the parties and witnesses resided. The Court allowed this dismissal, even though the law of Scotland was significantly less beneficial to the plaintiff than the law of the United States. *See also, American Rice, Inc. v. Arkansas Rice Growers Coop Association*, 701 F.2d 408 (5th Cir.1983). In the instant case, of course, it would appear that a Louisiana proceeding allowing for the constant monitoring of the Plaintiff's needs and condition, would be more favorable to the Plaintiff than an action in Mississippi which could be modified as conditions changed only with great difficulty, if at all.

The Court concludes that the Plaintiff has an alternative forum, the Louisiana Courts or the Louisiana Workers' Compensation Administration, in which to proceed with this action.

The Court has weighed the private interests, including the access to witnesses, evidence and a view of the premises and is of the opinion that the balance of interests favor dismissing this action so that it may proceed in the appropriate Louisiana court or office of the Workers' Compensation Administration. The Court has weighed the public interests in this case, including the relevant law and burden upon the court system, and is of the opinion that the balance of public interests favor the dismissal of this action to allow it to be refiled in the appropriate Louisiana court or office of the Workers' Compensation Administration.

█ This Court has full authority to dismiss this action under the doctrine of *fo-rum non conveniens*, conditioned on the submission of the Defendants to the jurisdiction of the appropriate Louisiana court or office of the Workers' Compensation Administration, and upon their waiver of any statute of limitations considerations. *See, e.g., Fitzgerald v. Texaco, Inc.*, 521 F.2d 448 (2d Cir.1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 781 (1976); *Farmanfarmaian v. Gulf Oil Corp.*, 437 F.Supp. 910 (S.D.N.Y.1977), *aff'd.* 588 F.2d 880 (2d Cir.1978); *Paterson, Zochonis (U.K.) Ltd. v. Compania United Arrows, S.A.*, 493 F.Supp. 626 (S.D.N.Y. 1980). In *Fitzgerald*, the district court conditioned its dismissal upon the agreement of the Defendants to submit to the jurisdiction of the courts in England and to waive any defense of statute of limitations which they might have there. In *Farmanfarmaian*, the following language in the district court dismissal was upheld on appeal:

> Accordingly, the complaint is dismissed. This dismissal is conditioned on two requisites: (1) That the defendants waive any defense that they might have relating to any statute of limitations that did not exist prior to the initiation of suit in this district; (2) that the defendants consent to the jurisdiction of the Iranian courts, and that they submit to service of process in Iran, which shall take place within 90 days from the filing of this opinion.

437 F.Supp. at 928.

The Court finds that the Defendants have agreed by stipulation to submit to the jurisdiction of the appropriate Louisiana court or office of the Workers' Compensation Administration, and have agreed to waive any statute of limitations considerations which might exist in this case.

█ It is, therefore, ordered that this action be, and it is hereby, dismissed, and the Plaintiff is given a reasonable time to refile his action in the appropriate Louisiana court or office of the Workers' Compensation Administration. This dismissal is conditioned upon the express stipulation

of the Defendants to submit to the alternative forum and to waive any statute of limitations issue which exists in this case, and this dismissal is being made without prejudice to insure that the terms of this dismissal are fully complied with.