Willie WATKINS, Plaintiff,

v.

**JIM WALTER HOMES, INC. and Gates, McDonald & Company, Defendants.**

Civ. A. No. E86–0149(L).

United States District Court, S.D. Mississippi, E.D.

April 15, 1987.

Omar D. Craig, Oxford, Miss., for plaintiff.

Thomas A. Bell, Jackson, J. Stephen McDonald, Gulfport, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on separate motions to dismiss filed by defendants Jim Walter Homes, Inc. and Gates, McDonald & Company. Plaintiff Willie Watkins has responded to both motions, and the court has considered the memoranda of authorities submitted by the parties.

The complaint in this action alleges that plaintiff Willie Watkins, while employed by defendant Jim Walter Homes in its Memphis, Tennessee office, suffered a work-related injury on January 20, 1986. Jim Walter Homes provides its own workers' compensation coverage and defendant Gates, McDonald & Company administers the self-insurance workers' compensation fund for

Jim Walter Homes. Following his injury, plaintiff received workers' compensation benefits until June 1986, at which time benefits were terminated, allegedly in bad faith. In his complaint, plaintiff seeks compensatory damages [1] and punitive damages, together with interest and attorney's fees in accordance with the laws of the State of Tennessee.[2]

Both defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, alleging that the Tennessee courts and the Tennessee Department of Labor, Workers' Compensation Division have exclusive jurisdiction.[3] Alternatively, defendants have moved for dismissal on the theory of forum non conveniens pursuant to 28 U.S.C. § 1404(a).[4]

■ It has long been recognized that court action may not be resorted to as a means of enforcing workers' compensation remedies where the state whose statute is sought to be enforced has committed the enforcement of its provisions to an administrative board. *See Green v. J.A. Jones Constr. Co.*, 161 F.2d 359, 360 (5th Cir. 1947). Conversely, where the workers' compensation law in question provides for its enforcement in the courts of that state, the liability created is enforceable in the courts of another state. *See Floyd v.*

*Vicksburg Cooperage Co.*, 156 Miss. 567, 126 So. 395 (1930). In the case at bar, the parties agree that Tennessee law governs. Under the Tennessee Workers' Compensation Act, claims for compensation are initiated, litigated and reviewed in the courts. Therefore, jurisdiction over such actions may be properly exercised by courts other than Tennessee state courts. For example, in *Flowers v. Aetna Casualty and Surety Co.*, 163 F.2d 411, 414 (6th Cir.1947), the court, discussing the Tennessee Act, stated as follows:

> [W]here the action is an original action in the State Court, or where the trial court has general jurisdiction to act fully in the matter, it has been consistently held by numerous Federal courts that jurisdiction of the action is not restricted to the court of the state wherein the accident occurred, but that *it is a suit of a civil nature of which the federal district courts have jurisdiction when diversity of citizenship and necessary amount in controversy are present.*

*Id.* (emphasis supplied). Defendants claim that recent amendments to the Tennessee Workers' Compensation Act require active supervision and involvement in workers' compensation actions by the Workers' Compensation Division of the Tennessee Department of Labor. This, they assert,

1. The compensatory damages claimed by plaintiff are intended to represent disability benefits to which he claims he is entitled under the Tennessee Worker's Compensation Act, Tenn. Code Ann. § 50–6–101 (1980) et seq. *See* Tenn. Code Ann. § 50–6–205(b) (1985) and 50–6–102(a) (1985) (total amount of compensation payable not to exceed maximum total benefit of $67,200 for injuries occurring from July 1985 through June 1986, exclusive of medical, hospital and funeral benefits).

2. In his response to defendants' motions, plaintiff conceded that neither punitive damages nor attorney's fees are available to him under Tennessee law. *See Anderson v. Dean Truck Lines*, 682 S.W.2d 900, 903 (Tenn.1984) (punitive damages not recoverable in workers' compensation actions); *Honaker v. Kingsport Press, Inc.*, 659 S.W.2d 22, 23 (Tenn.1983) (Tennessee Workers' Compensation Act requires attorney's fees to be paid by party employing the attorney). Consequently, plaintiff has confessed the motion as it relates to these aspects of the damages requested in the complaint.

3. Defendants further seek dismissal under Federal Rule of Civil Procedure 12(b)(6) alleging that since plaintiff has failed to avail himself of the expeditious statutory remedy under Tennessee law, a remedy over which the Tennessee courts have primary jurisdiction, he has failed to state a claim upon which relief can be granted. This argument is, in the court's opinion, simply a restatement of defendants' assertions of this court's lack of subject matter jurisdiction and thus does not require separate consideration.

4. Gates, McDonald & Company also contends that this court lacks jurisdiction over it pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure on the ground that process and service of process were insufficient. This claim is now without merit as process was served on C.T. Corporation, defendant's agent for service of process, on March 6, 1987.

changes the nature of the Act's enforcement provisions and therefore vests exclusive jurisdiction in the Tennessee courts.

■ In 1985, the Tennessee Workers' Compensation Act was amended to provide for the assessment of penalties by the Workers' Compensation Division of the Tennessee Department of Labor for certain enumerated acts by employers and workers' compensation carriers. *See* Tenn.Code Ann. § 50–6–118 (1985). However, the court is of the opinion that this administrative component of the Act does not prevent this court's exercise of jurisdiction. While a request for a penalty by a workers' compensation claimant must be addressed to an administrative agency, with the potential consequence of some degree of bifurcation of claims, this result would inure even were the case tried before a Tennessee state court. No court, whether in Tennessee or Mississippi, could assume jurisdiction over this exclusively administrative remedy. Moreover, despite this administrative function, *entitlement* to workers' compensation benefits under Tennessee law remains a matter within the province of the courts. This important judicial function has not been delegated to an administrative agency. However, while it is clear that a Tennessee federal court would have jurisdiction over a claim arising under the Tennessee Workers' Compensation Act, the issue is whether a Mississippi district court would likewise have jurisdiction. Defendants urge that this court is without subject matter jurisdiction because an action based on workers' compensation laws of Tennessee should be brought in a Tennessee court whose jurisdiction includes the county where the accident occurred.

In *Ellis v. Associated Industries Ins. Corp.*, 24 F.2d 809 (5th Cir.1928), a workers' compensation action under Texas law, which required that suit be brought in the county where the injury occurred, was instituted in a Texas district court. The Fifth Circuit concluded that the district court's exercise of jurisdiction was proper, stating that

[t]he provision that suit shall be brought in the County where the injury occurred is not infringed by bringing suit in the District Court which includes the County within its territorial jurisdiction, and that court was fully competent to render judgment in the premises, as diversity of citizenship and the necessary jurisdictional amount are shown.

*Ellis*, 24 F.2d at 810. In the instant case, the Tennessee Act provides that in case of a dispute over or failure to agree upon compensation under the Act, "either party may submit the entire matter for determination to the judge or chairman of the county in which the action occurred." Alternatively, either party is given the option of filing the action "as an original petition in either the circuit, criminal or chancery court of the county in which petitioner resides or in which the alleged accident happened...." Tenn.Code Ann. § 50–6–225(c) (1985). The petitioner here, Willie Watkins, is a resident of Newton County, Mississippi, which is within the territorial reaches of the District Court for the Southern District of Mississippi, Eastern Division. Since the action, brought pursuant to the Tennessee Workers' Compensation Act, is "inherently transitory," *Flowers*, 163 F.2d at 414, plaintiff has a "choice of tribunals in which to test his right to compensation." *Franzen v. E.I. Du Pont de Nemours & Co.*, 146 F.2d 837, 841 (3rd Cir.1944) (quoting *Texas Pipe Line Co. v. Ware*, 15 F.2d 171, 174 (8th Cir.1926)). The court concludes that under the Tennessee Act, the county in which the injury occurred is only one location in which jurisdiction is proper. The Act clearly provides that, in addition to the situs of the injury, the petitioner's residence is a proper place to bring the action. Consequently, this court has jurisdiction over the subject matter of and the parties to this action.

■ As an alternative to dismissal for lack of subject matter jurisdiction, defendants seek dismissal based on the theory of forum non conveniens. When a party moves to transfer under this theory, he has the burden of establishing that an alternative forum exists in which the plaintiff may pursue his claim. In this case, another forum clearly does exist. However,

[o]nce the existence of an alternative forum has been established, the court, exercising its discretion, must balance and consider both the private interests and public interests at stake in the choice of forum. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress,' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *see also Cowan v. Ford Motor Co.,* 713 F.2d 100, 103 (5th Cir.1983). Neither defendant in this case has asserted any private interest in having his claim litigated in another forum.[5] The plaintiff, on the other hand, affirmatively asserts that Mississippi would be the most convenient forum in which to try this case. Since he received and continues to receive all of his medical attention in Mississippi, plaintiff's witnesses on the nature and extent of his injuries are in this state. Additionally, plaintiff's co-workers, who were at the scene of the accident, are generally located in Mississippi. Finally, plaintiff contends that it would place an undue burden on him to litigate this action in Tennessee. With regard to the public interests to be considered, defendants argue that due to the complexity of the Tennessee Workers' Compensation Act, the remedies provided therein are best administered by the Tennessee courts. While there is a public interest "in having the trial of a diversity case in a forum that is at home with the state law that must govern the case," *Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843, the court is of the opinion that the private interests asserted by plaintiff significantly outweigh this interest.

Defendants rely principally on *Tisdale v. Stone & Webster Engineering Corp.,* 595 F.Supp. 1016 (S.D.Miss.1984), in support of their contention that dismissal is proper under the theory of forum non conveniens. In *Tisdale,* the court concluded that private interests favored proceeding in Louisiana, the state whose workers' compensation act was to be applied, since that was the place where the accident occurred and where the majority of witnesses were located. Additionally, the court concluded that due to the continuing nature of a workers' compensation proceeding, the action was more suitable for determination in the state whose workers' compensation act was being applied.

In the present case, while the accident may have occurred in Tennessee, that fact alone does not warrant dismissal on the basis of forum non conveniens. *Headrick v. Atchison,* 182 F.2d 305, 311 (10th Cir. 1950). Additionally, it appears that the majority of witnesses are located in Mississippi and defendant have not claimed otherwise. Moreover, while application of Tennessee law may be somewhat more difficult for this court than for a Tennessee court, this court is nevertheless capable of applying that law. Indeed, even the *Tisdale* court recognized that "Mississippi courts are fully capable of applying another state's law where the action [is] judicially cognizable in the foreign state." *Tisdale,* 595 F.Supp. at 1018, citing *Floyd v. Vicksburg Cooperage, Co.* 156 Miss. 567, 126 So. 395 (1930). The court also notes that in *Tisdale,* unlike the present case, there was an apparent concern with the potential applicability of Louisiana's purely administrative form of procedure in workers' compensation actions. In sum, the balance of the competing interests in *Tisdale* was much more compelling in favor of the defendants than in the case at hand. The court thus concludes that under the facts of this case, the motion to dismiss on the basis of forum non conveniens should be denied.

---

**5.** Factors which must be considered with reference to the private interest of the litigants include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and costs of obtaining attendance of willing witnesses; ... and all other practical problems that make trial of the case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Accordingly, it is ordered that the motions to dismiss of defendants Jim Walter Homes, Inc. and Gates, McDonald & Company are denied.